WILLIAM R. LUTTRELL

*v.*

LAURA BOGGS *et al.*

*Opinion filed November 1, 1897.*

1. DOWER—*husband may release to wife his dower interest in her property.* A husband, being *sui juris*, may, for a valuable consideration, enter into a binding contract with his wife, releasing to her all his right, title and interest in her property, including his contingent right of dower and his interest as heir. (*Crum* v. *Sawyer*, 132 Ill. 443, and *Heisen* v. *Heisen*, 145 id. 658, followed.)

2. SAME—*when husband will be barred from asserting dower.* A contract between husband and wife, duly acknowledged and recorded, whereby each agrees to live apart and to release to the other all "interest, right and title to any and all real estate," etc., which the other possessed at the time of their marriage, will bar the husband's right to assert dower after the wife's death.

3. SAME—*effect where agreement releasing dower provides that the parties shall live apart.* The fact that a contract between husband and wife releasing to each other all interest, right and title in the other's property provides that the parties shall live apart, will not invalidate that part of the contract relating to the release.

WRIT OF ERROR to the Circuit Court of Moultrie county; the Hon. E. P. VAIL, Judge, presiding.

JOHN R. & WALTER EDEN, for plaintiff in error.

W. G. COCHRAN, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was a bill brought by William R. Luttrell for the assignment of dower in certain lands in Moultrie county, of which his wife, Mary A. Luttrell, died seized on the 25th day of August, 1895.

It appears that the complainant was married to Mary A. Luttrell on the 13th day of August, 1891; that Mary A. Luttrell owned the lands in her own right; that she left two children by a former marriage,—Albert Forkner and Laura Boggs,—who were made defendants to the bill. It also appears that the complainant and his wife, on the 20th of June, 1895, agreed to separate, and thereupon entered into the following contract in writing:

"This agreement, made and entered into this 20th day of June, A. D. 1895, by and between William R. Luttrell, party of the first part, and Mary A. Luttrell of the second part:

"*Witnesseth:*—That whereas the said parties, as husband and wife, do hereby agree this day to separate and live apart, and this agreement is for the purpose of each setting apart to each other their share or part of the property of each, both real estate and personal property, to the effect that each shall be vested in their own right to such property so released by the other to the other. The first party agrees to and does release unto her, the said Mary A. Luttrell, all his interest, right and title to any and all real estate or personal property, of whatever kind, she may have been possessed of at the time of the marriage of the parties to each other. The second party agrees to and does hereby release unto him, the said William R. Luttrell, all her interest, right and title to any and all real estate and personal property, of whatever kind, that he may have been possessed of at the time of the marriage of the parties to each other.

"Witness our hand and seal this 20th day of June, A. D. 1895.

W. R. LUTTRELL,   (Seal.)<br>MARY A. LUTTRELL. (Seal.)"

The contract was duly acknowledged by the respective parties before a notary public on the day of its date, and recorded in the recorder's office of Moultrie county on the 21st day of June, 1895.

Under the statute the complainant was entitled to dower in the lands owned by his wife during coverture

unless barred by the foregoing contract. On the hearing
the circuit court held that the complainant had released
all claim of dower in the lands, and entered a decree dis-
missing the bill, and the only question presented by the
record is whether the court erred in the decree.

It may be conceded that at common law husband and
wife could not contract with each other in regard to their
property, as was done by the contract in question. But
the statute of 1874, in relation to husband and wife, has
removed the common law disability of married women to
contract, or that of husband and wife to contract with
each other, except so far as is provided in the act itself.
That statute declares: "Contracts may be made and lia-
bilities incurred by a wife, and the same enforced against
her, to the same extent and in the same manner as if she
were unmarried." In *Hamilton* v. *Hamilton*, 89 Ill. 349, in
speaking in reference to this statute, it is said: "There is
nothing in all this which forbids her to contract with her
husband, and the words are general and broad enough to
sanction such contracts." In *Thomas* v. *Mueller*, 106 Ill. 36,
we held that under existing legislation all restrictions
upon the power of husband and wife to contract with
each other, except so far as they are expressly retained,
are removed.

Coming now to the contract in question, in *Crum* v.
*Sawyer*, 132 Ill. 443, where a contract had been entered
into between a husband and wife wherein the husband
had released his contingent interest in his wife's lands,
it was held that a husband may, for a valuable and ade-
quate consideration, enter into a contract with his wife
to release and relinquish all his right and interest of
every kind and nature, including his contingent right of
dower, in all her lands, and his interest as heir in her
lands and personal estate, and that such a contract, if
fairly made, will be binding on him. This case was fol-
lowed by *Heisen* v. *Heisen*, 145 Ill. 658, where it was said,
(p. 665,) referring to *Crum* v. *Sawyer:* "It was properly

held in that case, that, the husband being *sui juris* and the right of dower conferred by the statute not having been trammeled or hedged about by rules of law growing out of the disability of married women at common law, no reason exists why he may not release his inchoate expectancy or his right of action for dower, or bar recovery in respect thereof, as he might release or bar any other expectancy or right. And it would necessarily follow that the husband would be barred of his right to assert dower in the lands of his deceased wife by any act or conduct that would estop him from the assertion of any other right."

The case under consideration cannot be distinguished from the two cases cited, and in principle it must be controlled by those cases. By the contract Mary A. Luttrell released to complainant all her interest, right and title to all real estate and personal property, of whatever kind, possessed by him at the time of the marriage. In consideration of this agreement on her part the complainant released unto her, Mary A. Luttrell, all his interest, right and title to any and all real estate or personal property owned or possessed by her at the time of the marriage. The agreement upon the part of complainant was predicated upon a valid consideration, and as he had full power to make the contract, no reason is perceived why it should not be enforced and he be compelled to abide by it.

It is, however, said in the argument, that as the agreement provides that the parties are to live separate, it is void, as against public policy. If that part of the agreement is invalid its invalidity does not destroy that part of the contract in which the complainant releases his inchoate right of dower in the lands of the wife. That part of the agreement relating to the separation and living apart may be rejected and the other sustained.

We are satisfied that the decree of the circuit court is correct, and it will be affirmed.    *Decree affirmed.*