MAGDALENA HIESER

*v.*

BARBARA SUTTER.

*Opinion filed February 21, 1902—Rehearing denied April 5, 1902.*

1. HUSBAND AND WIFE—*under act of 1874 husband and wife may contract with each other.* Under the statute of 1874 a husband and wife may contract with each other, except in so far as the statute provides otherwise.

2. SAME—*effect of post-nuptial contract to release dower—election.* If a post-nuptial contract gives the wife certain land in lieu of present and future dower, she may elect, under section 9 of the Dower act, upon the death of her husband, to accept the settlement or demand dower, but she cannot retain the land and have dower also, even though the land in which she seeks dower was all acquired after the post-nuptial contract was made.

APPEAL from the Circuit Court of Tazewell county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding.

GEORGE B. FOSTER, and PRETTYMAN & VELDE, for appellant.

W. R. CURRAN, for appellee.

Mr. JUSTICE HAND delivered the opinion of the court:

This is a bill in chancery filed in the circuit court of Tazewell county by Barbara Sutter for the assignment of dower in certain lands situated in said county of which her husband, Christian Sutter, died seized on the 11th day of May, 1899, and for damages for the non-assignment thereof. The heirs and devisees of Christian Sutter, who were all made parties defendant, filed answers, and replications having been filed, the cause was referred to the master in chancery to take proofs and report his conclusions. The master filed a report finding that the complainant was entitled to the relief prayed for, which report, after overruling objections and exceptions thereto, the court approved, and entered a decree in favor of complainant for dower and for damages, and Magdalena Hieser, a daughter of Christian Sutter, deceased, has prosecuted an appeal to this court.

The complainant and Christian Sutter were married on the 15th day of April, 1873. At the time of their marriage Christian Sutter, by a former marriage, had four children, viz., Christian N. Sutter, Barbara Egli, Magdalena Hieser and John Sutter. Barbara Egli died prior to the death of her father, leaving children, and John Sutter died shortly after the marriage, unmarried and without leaving him issue surviving. At the time of the marriage Christian Sutter was the owner in fee simple of about eight hundred acres of land in Tazewell county, worth at that time from $50 to $60 per acre. On the first day of February, 1877, Christian Sutter purchased of Leonard Hollstein an eighty-eight acre farm in Tazewell county for the sum of $4900 in cash, which he caused to be conveyed to the complainant by warranty deed, and

on the same day, and as a part of the same transaction, Christian Sutter and Barbara Sutter entered into the following contract in writing:

"In accordance with our mutual understanding, we married parties, Christian Sutter and Barbara Sutter, of Hittle township, Tazewell county and State of Illinois, both being married a second time, have made the following agreement, which we promise one another, upon our honor and morals, to carry into effect in spite of any legal obstacles or advantages: The property which Christian Sutter possesses he had already acquired during his former marriage, and I, Barbara Sutter, have this day received from him a farm as my property, viz., the farm which was this day purchased from the married .couple Hollstein for $4900, and which by deed of conveyance was placed in my (Barbara Sutter's) name, and paid for by my husband, Christian Sutter, with his own money. Christian Sutter is to have the use of this farm during his life, and therefore is to pay all taxes and repairs. I, Barbara Sutter, as wife, on account of the foregoing, waive my right to any real estate left by him and the two-thirds of the personal property which my husband, Christian Sutter, shall leave at his death, and waive my right to any choses in action, money orders or money which may be on hand at his death, except, only, all homestead articles and household goods, which shall remain in me; and I obligate myself, that after the decease of my aforesaid husband, to legally release and waive, as above set forth, my widow's portion (called dower).

"Mutually set up and signed by us in person this first day of February, A. D. 1877.    CHRISTIAN SUTTER,

"In presence of H. F. Spoonhoff."    BARBARA SUTTER.

About two years after the execution of said deed and contract Barbara Sutter entered into the possession of said farm, and has ever since been in possession thereof, or the proceeds thereof, enjoying the rents and profits derived therefrom. On the 24th day of September, 1877, Christian Sutter divided all of the lands, with the exception of forty acres, of which he was seized at the time of his marriage with Barbara Sutter, between his four children, and executed to them, respectively, (his wife, Barbara Sutter, joining therein,) deeds therefor. He gave to

each one hundred and sixty acres. Those who received more than one hundred and sixty acres paid him for such excess. John Sutter having died very shortly thereafter, the deed to him was not delivered, or if delivered was afterwards destroyed. Subsequent to the date of such division, and prior to his death, Christian Sutter accumulated a large estate, which at the time of his death consisted of about eight hundred and sixty acres of farm lands, which, together with said forty acres and the two hundred acres which had been conveyed to John Sutter, amounted to about eleven hundred acres, of the value of about $100,000, and personal property of the value of about $9000, which is the real estate in which the complainant claims dower and damages for non-assignment thereof. Christian Sutter, in his last will and testament, which bears date July 19, 1893, refers to the post-nuptial settlement made with the complainant on February 1, 1877, and in addition to the farm given her at that time and the provisions made for her therein, gave her the use of his homestead and one-third of his personal property. She, however, declined to take under the will and elected to take under the law.

The deed and contract bearing date February 1, 1877, having been executed at the same time and forming but one transaction, should be construed together. When thus construed, it is apparent that it was the intention of the parties that the provision therein made by Christian Sutter for his wife was to be taken and accepted by her in lieu of all interest conferred upon her by law, as his widow, in his real estate at the time of his death. The statute of 1874 permits husband and wife to contract with each other, except in so far as it is provided otherwise by statute. In *Hamilton* v. *Hamilton*, 89 Ill. 349, in construing this statute, we say (p. 351): "There is nothing in all this which forbids her to contract with her husband, and the words are general, and broad enough to sanction such contracts." And in *Luttrell* v. *Boggs*, 168

Ill. 361, in commenting upon the case of *Thomas* v. *Mueller*, 106 Ill. 36, it is said: "Under existing legislation all restrictions upon the power of husband and wife to contract with each other, except so far as they are expressly retained, are removed."

At the common law a legal jointure settled upon a wife before marriage, if fairly entered into, would bar her dower, but a jointure settled upon her after marriage only had the effect to put her to her election, after the death of her husband, either to accept the settlement or to demand dower. (11 Am. & Eng. Ency. of Law,— 2d ed.—p. 92.) And such right of election is recognized and retained by section 9 of the Dower act, (Hurd's Stat. 1899, chap. 41, p. 658,) which reads as follows: "If before marriage, but without such assent, or if after marriage, land shall be given or assured for the jointure of a wife or husband in lieu of dower, such wife or husband may elect whether to take such jointure, or to be endowed as herein provided, but shall not be entitled to both." We are therefore of the opinion that Barbara Sutter, upon the death of her husband, was bound by said post-nuptial settlement, unless she elected, in lieu thereof, to take dower in her husband's real estate. She was not entitled to retain the property which she received under said settlement and at the same time recover her dower. She is not entitled to both, but must elect to retain the property received by virtue of the settlement or return the same and recover dower.

It is, however, urged, that as the property in which she now seeks to recover dower was accumulated by her husband subsequently to said settlement, in order to recover dower therein she ought not to be required to make such election, but that the property received by her under the settlement should be treated as a purchase by her husband of her dower interest in the real estate which he then had, and which was shortly thereafter largely divided among his children, and in which she released

her dower, and that she should be permitted to hold what she received under the settlement and to recover dower in such subsequently acquired real estate in addition thereto. We do not agree with this contention. The contract of February 1, 1877, was written in the German language, and in this record we find four different translations thereof. While the translations are somewhat differently worded, the legal effect of all is the same, and is to the effect that for and in consideration of the conveyance to Barbara Sutter of the Hollstein farm she released and waived all her interest in any real estate which might be left by Christian Sutter at the time of his death, and obligated herself, after his decease, to release such interest. It therefore is plain that by said settlement it was understood and agreed between Barbara Sutter and her husband that she accepted the provision then made for her in lieu of all present and all future interest which she then had or might afterwards acquire in the real estate which he then owned or might afterwards accumulate,—which was sufficient, under the provisions of the Dower act, to put her to an election between the settlement and dower in her husband's subsequently acquired real estate.

It therefore follows that the circuit court erred in decreeing that the complainant recover dower in said premises and damages for the non-assignment thereof, without requiring her to account for the land, or the proceeds thereof, which she received by virtue of said post-nuptial agreement, to the heirs or devisees, respectively, of Christian Sutter, deceased, out of whose land she should recover dower.

The decree of the circuit court will be reversed and the cause remanded to that court for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*