## John M. Carling

*v.*

## Jesse Peebles, Admr.

*Opinion filed April 17, 1905.*

1. Dower—*wife may release dower by contract with husband.* Since the act of 1874, relating to husband and wife, the wife may, for a valuable consideration, release her dower interest by a written contract with her husband.

2. Same—*when simple contract releasing dower will be upheld.* A contract between husband and wife acknowledging the receipt of a certain sum in part payment of the wife's dower will be enforced although not acknowledged in accordance with section 17 of the Conveyance act, where there was no fraud, duress or undue influence, and the land, with the consent of the wife, has been converted into money.

Writ of Error to the County Court of Macoupin county; the Hon. J. B. Vaughn, Judge, presiding.

William Carling, Sr., died intestate in Macoupin county on November 21, 1903, leaving him surviving Sarah E. Carling, his widow, and John M. Carling, William Carling, Jr., and Sarah E. Metcalf, as his children and sole heirs-at-law. Jesse Peebles was appointed administrator of his estate, and thereafter, as such administrator, he filed a petition in the county court of said county for an order to sell all of the real estate of which William Carling, Sr., died seized, to pay debts. The widow filed an answer claiming dower and homestead in said real estate; also a cross-petition asking that her interests therein as widow be set off and allotted to

her. The heirs filed an answer to said cross-petition, in which they averred the widow had released her dower interest in said real estate to the extent of $600 in consideration of the payment of that sum to her by her husband, as evidenced by the execution and delivery by her to him of the following instrument in writing:

"SCOTTVILLE, ILL., *July 2, 1902.*

"Received of William Carling, Sr., the sum of six hundred ($600.00) dollars, as part payment of Sarah Carling's dower interest in the estate of said William Carling, Sr.

SARAH CARLING."

The widow afterwards filed her consent, in writing, that said real estate be sold disencumbered of her homestead and dower, and that the fund arising from said sale stand in place of the real estate, and her rights therein be fixed and determined by the court and paid to her in cash. The county court held that the widow was not barred of her dower, or any part thereof, in said real estate, or the fund arising from a sale thereof, by the payment to her by her husband of said sum of $600 or by the execution and delivery to him by her of said instrument in writing, and ordered that the value of her dower in said real estate be paid to her in cash, from which order John M. Carling, one of the heirs, has prosecuted this writ of error.

BELL & BURTON, for plaintiff in error.

H. R. BUDD, (L. P. PEEBLES, of counsel,) for defendant in error.

Mr. JUSTICE HAND delivered the opinion of the court:

It is clear Sarah E. Carling was entitled to dower in all of the real estate of which her husband, William Carling, Sr., died seized unless she was barred of such right, in whole or in part, by the payment to her of said sum of $600 and the execution and delivery to her husband of said instrument in writing. It is conceded that at the common law the husband

215—7

could not contract with the wife for the release of her dower in his real estate, in whole or in part, as was attempted to be done in this case, and the sole question presented for decision is, since the passage of the act of 1874 in relation to husband and wife can the wife release to the husband her dower, in whole or in part, in his real estate? That act declares: "Contracts may be made and liabilities incurred by a wife, and the same enforced against her, to the same extent and in the same manner as if she were unmarried." Hurd's Stat. 1903, chap. 68, sec. 6.

In *Luttrell* v. *Boggs,* 168 Ill. 361, the husband released to his wife, for a valuable consideration, all his right, title and interest in her property, including his contingent right of dower and his interest as heir, which release, in a contest between the husband and the children of the wife by a former husband, she having died intestate, was sustained. The court, on page 363, said: "The statute of 1874, in relation to husband and wife, has removed the common law disability of married women to contract, or that of husband and wife to contract with each other, except so far as is provided in the act itself." And in *Crum* v. *Sawyer,* 132 Ill. 443, where a contract had been entered into between a husband and wife whereby the husband released his contingent interest in his wife's lands, it was held that the husband may, for a valuable and adequate consideration, enter into a contract with his wife to release and relinquish all his rights and interests, of every kind and nature, including his contingent right of dower in her real estate, and that such a contract, if fairly made, is binding upon him. And in *Hieser* v. *Sutter,* 195 Ill. 378, the wife, in consideration of the conveyance to her of a farm, released all right to and interest in the real and personal property of which her husband should die seized or possessed. On a bill filed by her against the heirs of her deceased husband to recover dower in subsequently acquired real estate the release was sustained. On page 381 the court said: "The statute of 1874 permits husband and

wife to contract with each other, except in so far as it is provided otherwise by statute. In *Hamilton* v. *Hamilton,* 89 Ill. 349, in construing this statute we say (p. 351) : 'There is nothing in all this which forbids her to contract with her husband, and the words are general, and broad enough to sanction such contracts.' And in *Luttrell* v. *Boggs,* 168 Ill. 361, in commenting upon the case of *Thomas* v. *Mueller,* 106 Ill. 36, it is said : 'Under existing legislation all restrictions upon the power of husband and wife to contract with each other, except so far as they are expressly retained, are removed.' "

It is, however, urged, that the instrument executed by the wife in this case is invalid because it is not acknowledged by the wife in accordance with the provisions of section 17 of the Conveyance act. (Hurd's Stat. 1903, chap. 30.) That act was passed prior to 1874, and section 17 thereof does not apply, in express terms, to a conveyance from a wife to her husband; and the release in the *Sutter case* was not acknowledged by the wife. The wife was competent to contract, and there is no evidence of fraud, duress or undue influence, and it is admitted she received the money and executed the instrument in writing hereinbefore referred to. Here the land in which the widow claimed dower by her consent was converted into money, and we are of the opinion the contract entered into between Sarah E. Carling and her husband, William Carling, Sr., was valid, and the amount received by her from her husband to apply upon her dower should have been deducted from the amount which she would otherwise have received as dower in the premises ordered sold by the decree of the county court.

The judgment of the county court will therefore be reversed and the cause remanded to that court, with directions to enter an order in accordance with the views herein expressed.                    *Reversed and remanded.*