## Charles Chapman v. Charles T. Richey et al.

## On Appeal of Herbert W. Duncanson, Appellant, v. Chicago Title & Trust Company, Trustee, et al., Appellees.

### Gen. No. 18,847.    (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed in part, reversed in part and remanded with directions. Opinion filed October 7, 1914. Rehearing denied October 22, 1914.

## Statement of the Case.

Action commenced by Charles Chapman filing a bill against Charles T. Richey to foreclose a mechanic's lien on certain premises alleged to be owned by defendant.

The facts show that William J. Lukens sold the premises to Herbert W. Duncanson and to secure pay-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ment of a part of the purchase price took a mortgage thereon subject to a first mortgage bond issue to be given for the improvement of the premises by the erection of an apartment building thereon. At the instance of Duncanson the premises were conveyed to Charles T. Richey, an employee of Duncanson, who appears to have been engaged in the building business. Duncanson arranged with a certain loan company for the negotiation by it of a $40,000 bond issue to be secured by a first mortgage on the premises and the building to be constructed thereon, and Richey then executed a trust deed on said premises to the Chicago Title & Trust Company to secure the payment of the bond issue. Duncanson, then acting for Richey, contracted for work and material for the construction of the apartment building. Subsequently, Duncanson made a partial payment out of the proceeds of the bond issue to each of the several contractors, and upon the payment of said amounts each of the parties signed a receipt therefor and waiver of a lien, which, except as to date, amount and designation of work, is identical with the one as follows:

"Form 4606 Waiver.

$5,000.                                    CHICAGO, April 27, 1906.

Received of Charles T. Richey Five Thousand and No/100 Dollars to apply on mason contract work Contract on building S. W. Cor. Evanston and Ainsley. The undersigned for and in consideration of One Dollar and other good and valuable considerations, the receipt whereof is hereby acknowledged, does hereby waive and release any and all claims or liens on said building under any Acts in relation to mechanics' liens, approved or in force, on account of labor or materials, or both, furnished or which may be furnished by the undersigned for said premises.

CHAS. CHAPMAN, Contractor."

About $11,000 of the bond issue of $40,000 remained unexpended in the hands of the loan company and such amount Duncanson and Richey directed the loan company to pay out upon the orders of one Edward Bitt-

ner, with whom one Smiley, acting for Duncanson, had negotiated an exchange of the property here involved for some property claimed to be owned by Bittner. Richey conveyed the property to Bittner, but before the delivery of the deeds by Bittner, Duncanson, acting for himself, Smiley and Richey, repudiated the transaction for false representations and a partial failure of consideration and filed a claim for a vendor's lien against the property in question for a pretended equity therein of $9,400, and on the same day Bittner conveyed the property in question to one Anna M. Brooks.

After the filing of the bill to foreclose the mechanic's lien and while a motion for the appointment of a receiver was pending, a holder of more than twenty per cent. of the total bond issue notified the Chicago Title & Trust Company to institute foreclosure proceedings on the mortgage to secure the bonds on the ground there had been a default of the payment of general taxes and other conditions in the mortgage. The Chicago Title & Trust Company filed its bill to foreclose the trust deed and thereafter the suit was consolidated with the suit to foreclose the lien. The several lien claimants filed their answers and intervening petitions to enforce their liens, and a large number of bondholders answered the bill setting up ownership of their respective bonds.

The decree found there had been a default in the terms of the trust deed, in that taxes for a certain year had not been paid, and also in that mechanics' liens had been permitted to attach to the premises; that there was due the Chicago Title & Trust Company for its certain proper disbursements $210.07, also for its solicitor's fees $5,000, and for its services $250; that certain sums were due the several bondholders. To reverse the decree, Herbert W. Duncanson appeals.

ALDEN, LATHAM & YOUNG, for appellant.

. HAMILTON & HAMILTON, HENRY W. LEMAN, ADAMS, CREWS, BOBB & WESCOTT, EDMUND S. CUMMINGS, CULVER, ANDREWS & KING and ROBERT L. STEPHENS, for appellees.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

## Abstract of the Decision.

1. COVENANTS, § 3*—*rule of construction.* The paramount rule for the interpretation of covenants is to so expound them as to give effect to the actual intent of the parties, collected not from a single clause but from the entire context.

2. MORTGAGES, § 87*—*when default accrues under covenant to pay taxes.* A covenant in a trust deed to pay taxes when they are due and not to suffer any part of the premises to be sold for taxes is a separable and independent covenant, for a breach of which a default accrues, and it is not necessary that the mortgagor should have suffered the premises to be sold for taxes.

3. MORTGAGES, § 667*—*when allowance of attorney's fees excessive.* On foreclosure of a trust deed providing for reasonable solicitor's fees, an allowance to the trustee of $5,000 for such fees *held* excessive, and a sum of $3,000 *held* to be ample compensation for the necessary services performed and the responsibility of the solicitor.

4. MORTGAGES, § 663*—*right of trustee to compensation.* In a foreclosure proceeding an allowance of $250 to the trustee for the use of its name in the proceeding *held* unwarranted, but *held* that an allowance of $50 would amply compensate the trustee for its services and the responsibility which devolved upon it.

5. MORTGAGES, § 545*—*when decree erroneous as to amount of interest.* On foreclosure of a trust deed given to secure a bond issue, a decree allowing a bondholder interest on his bonds from June 26, 1906, *held* erroneous where in his answer he claimed interest only from January 26, 1907.

6. MECHANICS' LIENS, § 135*—*necessity of consideration for agreement waiving lien.* A consideration is necessary to support a contract to waive the right to a mechanic's lien.

7. MECHANICS' LIENS, § 135*—*when agreement to waive lien without consideration.* Agreements to waive the right to mechanics'

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

liens contained in receipts given to the lien claimants for a part of the money due them are not supported by a consideration where there is no bona fide dispute between the parties, a compromise of which would be a consideration.

8. MECHANICS' LIENS, § 203*—*when decree erroneous as to amount of interest allowed.* A decree allowing lien claimants interest on their claims from the time of the completion of the work by them, instead of from the time they filed their petitions, *held* erroneous, where in their petitions they failed to ask for interest from the date of the completion of the work, and failed to demand an amount sufficient to authorize an allowance of interest from that date.

9. MORTGAGES, § 487*—*when cross-bill properly dismissed as presenting no meritorious equity.* In a consolidated action to foreclose a trust deed and for the enforcement of mechanics' liens on the premises, a cross-bill filed by the holder of the legal title and a person claiming as the beneficial owner asking for a vendor's lien on the property as against one to whom the holder of the legal title had conveyed the premises, *held* properly dismissed as presenting no meritorious equity, it appearing that the person claiming as beneficial owner never had invested a dollar in the property, and that he had contrived and manipulated the title to avoid personal liability.