TURSA EDWARDS, Plaintiff in Error, *vs.* WILLIAM T. ED-
WARDS *et al.* Defendants in Error.

*Opinion filed February 17, 1915.*

1. HUSBAND AND WIFE—*wife may elect to take dower or lands
conveyed by jointure.* Where, after marriage, a husband conveys
or causes to be conveyed to his wife a particular tract of land,
which by written agreement the wife is to accept in lieu of dower
in the husband's other property, the conveyance is by way of joint-
ure, and the wife may, after the death of the husband, elect as to
whether she will take dower or the land conveyed.

2. SAME—*when a renunciation of agreement is without effect.*
Where a husband and wife, by an agreement entered into after
marriage, release to each other all rights or interests which either
may acquire in the property of the other by reason of the mar-
riage relation but there is no conveyance of land accompanying
the agreement, there is nothing which calls for an election on the
part of the wife, and the fact that within one year after the hus-
band's death she files with the county clerk a renunciation of the
agreement is without effect.

3. SAME—*wife may, by post-nuptial contract, bar her right to
dower.* A wife may by contract with her husband, made after
marriage, release to him all her rights and interests in his prop-
erty which she would have by reason of the marriage relation, in-
cluding her right to dower, in consideration of a similar release
by the husband of all his rights and interests in her property.
(*Hieser* v. *Sutter,* 195 Ill. 378, distinguished; *Carling* v. *Peebles,*
215 id. 96, explained.)

WRIT OF ERROR to the Circuit Court of Massac county;
the Hon. WILLIAM N. BUTLER, Judge, presiding.

FRED R. YOUNG, for plaintiff in error.

H. A. EVANS, for defendants in error.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Plaintiff in error filed her bill in chancery in the cir-
cuit court of Massac county seeking to have her dower as-
signed in certain lands described in the bill of complaint, of
which her deceased husband, John T. Edwards, had been

seized during their marriage. The bill sets out in detail the marriage of plaintiff in error with said Edwards, his ownership of the lands, his death, intestate, and other facts which are sufficient to show her dower interest in the lands in question but for an agreement entered into after the marriage, which was as follows:

"ARTICLES OF AGREEMENT.

"This indenture, made and entered into this the first day of June, A. D. 1896, by and between John T. Edwards, of the city of Metropolis, county of Massac and State of Illinois, party of the first part, and Tursa Edwards, who is now the wife of the said John T. Edwards, of the city of Metropolis, county of Massac and State of Illinois, party of the second part:

"*Witnesseth,* that for and in consideration of the release, relinquishment and conveyance of said second party to first party, hereinafter fully set forth, the said party of the first part hereby releases, relinquishes, quit-claims, sells, assigns and conveys all his rights, title and interest which said first party, as the husband of said second party, under the laws of the State of Illinois, may have acquired or which he may hereafter acquire during the lifetime of said second party or at her death, by reason of the marriage that now subsists between said parties hereto, in and to all the property, both personal and real, which now is or hereafter during the lifetime or at the death of said second party may be owned by said second party, Tursa Edwards. And for and in consideration of the above release, relinquishment and conveyance by said first party to said second party the said party of the second part hereby releases, relinquishes, quit-claims, sells, assigns and conveys all her rights, title and interest which said second party, as the wife of said first party, under the laws of the State of Illinois, may have acquired or which she may hereafter acquire during the lifetime of said first party or at his death, by reason of the said marriage that now subsists between said parties hereto, in and to all the property, both personal and real, which now is or hereafter during the lifetime or at the death of said first party may be owned by first party, John T. Edwards. This agreement and conveyance is mutually intended to be, and the same is hereby, expressly made and intended by each of the parties hereto as a mutual release, relinquishment and conveyance of all right, title and interest that may now be or shall hereinafter be, during the lifetime or at the death of either of said parties hereto, acquired by the other, by virtue of the said marriage that now subsists between said parties hereto under the laws of the State of Illinois, in and to all the property, both personal and real, of the other, respectively; and it is the intention of the parties

hereto to mutually release and waive all benefits of the laws of the State of Illinois relating to husband and wife, dower, homestead, etc., and forever bar each other, respectively, from any action to recover any interest that may now be or shall hereafter during the lifetime or at the death of either of said parties hereto to be acquired by the other in the property, both personal and real, of the other, respectively.

TURSA X EDWARDS, (Seal)
her mark

JOHN T. EDWARDS. (Seal)

Attest: . Tisca C. McCormick, Alice Parker."

This agreement was duly acknowledged before a notary public and filed for record.

The bill further alleges that plaintiff in error, within one year from the death of her said husband, filed in the office of the county clerk of Massac county her renunciation of the benefit of said agreement. The bill makes parties defendant the children and grandchildren of John T. Edwards, to whom he had conveyed the lands during his lifetime, reserving a life estate to himself. Plaintiff in error did not join in said conveyances and asks that dower be assigned her in said lands. The defendants, jointly and severally, demurred to the bill of complaint, which demurrer was sustained by the chancellor, and the complainant electing to stand by her bill, the bill was dismissed. She has sued out a writ of error from this court, assigning as error the action of the court in sustaining the demurrer to the bill of complaint and in not assigning dower and granting the relief prayed in the bill of complaint.

The demurrer to the bill raises the question whether the post-nuptial agreement entered into between the plaintiff in error and her husband was sufficient to bar the right of dower which she would otherwise have had in the lands of which her husband was seized during coverture. No question is raised as to the form or sufficiency of the contract.

It is the contention of plaintiff in error that where there is a written agreement between husband and wife made after marriage, by which agreement each mutually releases

267 — 8

dower in the lands of the other, such agreement has the
same effect as if there had been a conveyance of property
and an agreement based thereon to release dower, and that
the widow, on the death of the husband, has the right of
election whether to accept the property so conveyed or re-
nounce the agreement and take dower in the lands of the
deceased husband, as held in *Hieser* v. *Sutter,* 195 Ill. 378.
The case of *Carling* v. *Peebles,* 215 Ill. 96, is also relied
upon by the plaintiff in error as recognizing the right of
an election.

In the case of *Hieser* v. *Sutter, supra,* Christian Sutter
purchased an eighty-acre tract of land, which he caused to
be conveyed to his wife, Barbara Sutter, and at the same
time they entered into an agreement which recited that the
land had been conveyed to the wife, and in consideration
thereof she waived and released all rights in any real and
personal estate of which he might die seized and possessed,
except homestead articles and household goods, which were
to belong to her. Sutter died leaving Barbara his widow
him surviving. He owned a large amount of land, some
of which he had acquired subsequent to the making of the
contract. On a bill filed by the widow for an assignment
of dower in the lands of which Sutter died seized, this
court held that the conveyance of the land to Mrs. Sutter
and the making of the contract were to be considered as
part of the same transaction, and that if a post-nuptial con-
tract gives the wife certain land in lieu of present and fu-
ture dower, she may elect, under section 9 of the Dower
act, upon the death of her husband, to accept the settlement
or demand dower, but she cannot retain the land and have
dower also. It was held in that case that the effect of the
transaction was to create a jointure after marriage. As
said in the opinion in that case: "At the common law a
legal jointure settled upon a wife before marriage, if fairly
entered into, would bar her dower, but a jointure settled
upon her after marriage only had the effect to put her to

her election, after the death of her husband, either to accept the settlement or to demand dower. (11 Am. & Eng. Ency. of Law,—2d ed.—p. 92.) And such right of election is recognized and retained by section 9 of the Dower act, (Hurd's Stat. 1899, chap. 41, p. 658,) which reads as follows: 'If before marriage, but without such assent, or if after marriage, land shall be given or assured for the jointure of a wife or husband in lieu of dower, such wife or husband may elect whether to take such jointure or to be endowed as herein provided, but shall not be entitled to both.' We are therefore of the opinion that Barbara Sutter, upon the death of her husband, was bound by said post-nuptial settlement, unless she elected, in lieu thereof, to take dower in her husband's real estate." The decision is based upon the dower rights which husband and wife have in each other's lands by reason of the statute and the marriage relation.

The distinction between the *Sutter case* and the case at bar is apparent. In the *Sutter case* the effect of the agreement entered into between Christian Sutter and Barbara Sutter, his wife, and the conveyance of land to her, was to convey to her land by. way of jointure, which was to be in lieu of dower which she might have in other lands, and in such cases, under section 9 of the Dower act, the party in whose favor such jointure is made, where the same is made after marriage, has the right to elect whether to take the land conveyed, in lieu of dower, or take dower in the lands of the deceased. She could elect which of the two property rights to take. In the case at bar there was a contract but no conveyance of land or jointure. If the contract is valid plaintiff in error is bound by it; if invalid, she is entitled to dower by law without an election. There is only the dower right in the lands of the deceased involved and no other property for her to accept in lieu thereof and no substitute for her dower rights, consequently there was nothing to call for an election on her part. Her

renunciation of the agreement filed with the county clerk had no effect.

The case of *Carling* v. *Peebles, supra,* does not support plaintiff in error's contention. In that case we held that a wife may, for a valuable consideration, release her dower interest by written contract with her husband. The instrument relied upon as constituting a release of dower was as follows: "Received of William Carling, Sr., the sum of six hundred ($600) dollars, as part payment of Sarah Carling's dower interest in the estate of said William Carling, Sr." In that case the court held that this receipt was good to the extent of the money which she had received. As it did not purport to be a receipt in full for all dower rights, it would, of course, be good only for the amount which she had received, and it was held that that amount should be deducted from the amount she would otherwise have received as dower from her husband's lands. The main question in this case, therefore, is whether, by contract, a married woman can release her dower rights, and while at common law a husband could not, by contract with his wife, procure a release of her dower in his real estate, it was held in *Carling* v. *Peebles, supra,* that since the passage of the act of 1874, (Hurd's Stat. 1913, chap. 68, sec. 6,) in relation to husband and wife, which provides that contracts may be made and liabilities incurred by the wife and the same be enforced against her to the same extent and in the same manner as if she were unmarried, the wife can, by contract, release to the husband her dower, in whole or in part, in his real estate. In *Crum* v. *Sawyer,* 132 Ill. 443, and *Luttrell* v. *Boggs,* 168 id. 361, it was held that a post-nuptial contract between husband and wife, by which each agreed to release to the other all interest, right and title in any and all real estate which the other possessed, would bar the husband's right to dower in the wife's lands after the wife's death. To the same effect is the decision in *Heisen* v. *Heisen,* 145 Ill. 658. In *Hamilton* v. *Hamilton,*

89 Ill. 349, and *Thomas* v. *Mueller,* 106 id. 36, it was held that since the passage of the act of 1874, relating to husband and wife, contracts made by married women are on the same footing as contracts made by other persons, and that the husband and wife may contract with each other, subject to the limitations contained in the statute. In *Carling* v. *Peebles, supra,* and *Stokes* v. *Stokes,* 240 Ill. 330, it was held that a wife·may, by written contract with her husband, based upon a valuable consideration, release to him her rights in his property and estate, and such contract will bar and extinguish all her rights as widow, including the right of dower; and in the latter case it was further held that the mere fact that a post-nuptial contract between husband and wife releasing her rights as widow is not an equitable settlement for her is not ground for setting it aside, in the absence of any question of fraud, misrepresentation or concealment.

While the bill does not so state, it is evident from the date of the marriage and the subsequent conveyances made by John T. Edwards to his children and grandchildren, some of whom were married at that time, that such children were children by a former marriage. It would also appear that the plaintiff in error, at the time of the marriage and afterwards, was possessed of real and personal property in her own right. It was perfectly proper, and the parties were perfectly competent to contract, to release their rights in the property of the other, and for aught that appears in the record the agreement was mutual, reciprocal and fair. To hold the contract invalid would be to hold that plaintiff in error had no right to contract.

The decree of the circuit court was right and will be affirmed.                    *Decree affirmed.*