In the Matter of the Estate of Ellen E. Chapin, Deceased.

Helen Ethel Mosby, Executrix, Appellant, v. Charles O. Chapin, Executor, Appellee.

1. HUSBAND AND WIFE, § 131*—*what is effect of waiver of husband's rights in wife's estate.* A waiver by a husband of all of the rights to which he is entitled in his wife's estate is, if fairly made and based on a valuable consideration, binding not only on the husband but also on his executors and devisees.

2. HUSBAND AND WIFE, § 131*—*presumption of waiver of husband's rights in wife's estate.* While, in equity, a consideration will be presumed where a husband's written waiver of his rights in his wife's estate is under seal, such presumption is not conclusive, and evidence of a want of consideration will be admitted to overcome it.

3. HUSBAND AND WIFE, § 131*—*what circumstances are consistent with presumption of waiver of husband's rights.* Where it appears that, at the time a husband executed a waiver in his wife's estate, he and his wife, both of whom were aged, were about to go to different places to live, that the heirs of neither had any claim on the other, that each, apparently with the knowledge and consent of the other, made a will in which the rights of the other were ignored, that life insurance money derived by the wife on policies on the life of a son by her former marriage was made over by her to a daughter by such former marriage, to whom also she was about to make over the balance of the money received from the son's estate at the time the waiver was executed, that the husband substituted his niece as the beneficiary in his life insurance policy in place of his wife, that though he survived his wife six months, knew of the administration of her estate and was urged to claim an interest therein, he refused to do so, such circumstances are consistent with the presumption of consideration for the waiver which arises from the fact that it was under seal.

4. CONTRACTS, § 183*—*what may be considered in construing contract of deceased person.* Where the mouths of the parties to a contract are closed by death, resort may be had to their acts and dealings in regard to the subject-matter thereof to determine the contemporaneous construction and understanding by them of its terms.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appeal from the Circuit Court of Morgan county; the Hon. NOR-
MAN L. JONES, Judge, presiding. Heard in this court at the Octo-
ber term, 1919. Reversed and remanded with directions. Opinion
filed April 27, 1920. *Certiorari* denied by Supreme Court (making
opinion final).

WILSON & BUTLER, for appellant.

CARNAHAN & SLUSSER and WORTHINGTON, REEVE &
GREEN, for appellee.

MR. PRESIDING JUSTICE GRAVES delivered the opinion
of the court.

Ellen E. Chapin died August 27, 1916, leaving a will
dated January 26, 1916, by the terms of which she
gave all her property to her daughter, Helen E.
Mosby. Besides her daughter, Helen E. Mosby, Ellen
E. Chapin left surviving her at her death a son, Harry
E. Mosby, and a husband, Quartus H. Chapin, who
died March 3, 1917. He left no child or children or
descendants of any deceased child or children surviv-
ing him. He left a will dated February 19, 1916, in
which he named one Charles O. Chapin as executor
and by which he gave his property, excepting a few
keepsakes, to two nieces. Neither Ellen E. nor Quar-
tus H. Chapin had any considerable property. He
earned wages in the mail service of the United States
and she kept boarders, and their joint earnings seem
to have gone into the support of the family. On Janu-
ary 12, 1916, one William H. Mosby, a son of Ellen
E. Chapin by a former marriage, died and left all his
property to his mother and his sister, Helen E. Mosby,
in equal parts. The mother made over to her daugh-
ter Helen the life insurance that was payable to her
on the life of her deceased son, William H. Mosby,
amounting to $23,000. The fund left for distribu-
tion of the estate of Ellen E. Chapin amounted to
$12,233.32 and was chiefly, if not entirely, derived by
her under the will and from the estate of her de-

ceased son, William H. Mosby. On the same day upon which he made his will, Quartus H. Chapin made, executed and acknowledged and caused to be delivered to his wife, Ellen E. Chapin, the following instrument:

"To whom it may concern:

I hereby waive all rights that I may be entitled to by Law in the estate of my wife Ellen Chapin.

This is done of my free will in order that it may enable my wife to make such disposition of her property as she may desire.

(Signed)    Q. H. CHAPIN (Seal)

Witnesses:

CARL F. RANK,
COURTLAND A. GUTHRIE.
(Notarial Seal)

Subscribed and sworn to before me, a Notary Public, in and for the County of Cook, State of Illinois, this 18th day of February, 1916.

ED. M. HODGETTS, Notary Public."

On June 1, 1916, in the lifetime of his wife, Ellen E. Chapin, Quartus H. Chapin caused, apparently with the consent of his wife, his life insurance policy to be changed so as to make a niece his beneficiary in place of his wife who had formerly been named as such beneficiary. At the time of the death of William H. Mosby in January, 1916, preparations had been made for the removal of Ellen E. Chapin and her children, including the said William H. Mosby, from Chicago, where they were then residing, to Jacksonville, Illinois, and shortly after that time the said Ellen E. Chapin and her remaining children did remove to Jacksonville and Quartus H. Chapin, the husband, apparently voluntarily entered an Old Men's Home in Chicago, where he afterwards died. No claim was ever made by Quartus H. Chapin for any part of his wife's property, although he survived her approximately six months. The testimony shows that he stated that the property his wife left at her death

all came from her son, William H. Mosby; that he had waived all claim to it and did not intend to contest her will or claim any of her property. After his death and the probate of his will, his executor, by objection to the final report of the executrix of the will of Ellen E. Chapin, claimed that one-third of the personal property left by her belonged to the estate of Quartus H. Chapin. These objections were sustained in the circuit court where the case was heard on appeal from the county court. The question presented by this appeal from the circuit court is whether the written waiver quoted above is effectual as a waiver of the husband's expectancy in the property of his wife.

There can be no doubt that it was the deliberate purpose of Quartus H. Chapin to waive all his rights in the property of his wife, or that up to the time of his death he intended to carry out that purpose. Neither is there any doubt that if the waiver in question was fairly made and was based on a valuable consideration, it was binding not only on Quartus H. Chapin but also on his executors and devisees. *Crum v. Sawyer*, 132 Ill. 443; *Ridgeway v. Underwood*, 67 Ill. 419; *Collins v. Phillips*, 259 Ill. 405; *Edwards v. Edwards*, 267 Ill. 111; *Mires v. Laubenheimer*, 271 Ill. 296; *Donough v. Garland*, 269 Ill. 565.

This written waiver is under seal, and although there is no consideration mentioned in it, it would in a court of law be binding. The seal is said to import a consideration and to estop the party from denying it. Bishop on Contracts, sec. 119. A court of equity holds to this same doctrine to the extent that a consideration will there be presumed from a seal. Bishop on Contracts, sec. 120. There, however, this presumption is not conclusive, and proof of want of consideration will be admitted to overcome the presumption created by the seal. In *Crandall v. Willig*, 166 Ill. 233, the court on page 239 says: "True, the con-

tract was under seal, and purported to be based upon the nominal consideration of one dollar; but the evidence showed that there was in fact no consideration whatever, and it is well settled that in equity the seal consideration may be inquired into, and *the parties are not concluded by the recitals in the contract, though under SEAL.* * * * Disregarding mere forms and looking at the realty, it requires an actual valuable consideration as essential in any such agreement, *and allows the want of it to be shown, notwithstanding the seal.*" In *Corbett v. Cronkhite*, 239 Ill. 9, the court cites with approval, quotes from and follows Bishop on Contracts, sec. 120, and *Crandall v. Willig*, 163 Ill. 233, 239, and says on page 15 of that opinion: "We think this rule is supported by the great weight of authority and may now be considered the settled law of this State."

It follows that, as this waiver is under seal, it will be presumed even in a court of equity to be based on a valuable consideration, unless there is proof in this record to overcome that presumption. We have been referred to no such proof, and a careful examination of the record has failed to reveal any. On the contrary, a consideration of all the facts disclosed in this record is strongly convincing that what was done by both Quartus H. Chapin and his wife, Ellen E. Chapin, in and about the disposition of their several estates was done pursuant to a mutual plan, understanding and agreement, by which the property of each should go to their respective heirs. It shows that these two people had come to the parting of the ways, he to enter an Old Men's Home in Chicago, she to remove with her children to Jacksonville; that the heirs of neither had any claims upon the bounty of the other; that both apparently with the knowledge and consent of the other made wills in which the rights of the other were ignored; that the life insurance derived by Mrs. Chapin from policies on the life of her

son William, deceased, in which she was named as beneficiary, was made over to her daughter Helen, and that she was about also to make over the balance of her estate to her said daughter when the waiver in question was executed and delivered; that the beneficiary named in the life insurance policy on the life of Quartus H. Chapin was changed from his wife to his niece; that although he survived his wife for approximately six months and knew of the administration of her estate and was urged to lay claim to one-third of it under the statute, he refused, declaring that it would not be right under the circumstances. All of these circumstances are at least consistent with the presumption of consideration for the so-called waiver, arising from the seal thereto affixed. Where the mouths of the contracting parties are closed by death, the acts and dealings of such parties in regard to the subject-matter of the supposed contract may be properly resorted to to determine the contemporaneous constructions and understanding of such parties as to its terms.

The circuit court erred in holding that the waiver in question was without consideration and void and in sustaining appellee's exception numbered three in his series of objections to the report of appellant in question. The order appealed from is therefore reversed and the cause is remanded to the circuit court with directions to overrule that objection and to approve the said report.

*Reversed and remanded with directions.*