**H. G. Wolff Company, Complainant, and Frank P. Bauer Marble Company, Intervening Petitioner, Appellees, v. Josephine B. Gwynne et al., on Appeal of Broadway Halsted Building Corporation, Appellant.**

### Gen. No. 31,335.

1. MECHANICS' LIENS—*waiver as affecting subsequent claims.* A waiver under seal of the right to a mechanic's lien for labor and materials furnished to date in no way affects the right to a lien for work or material thereafter furnished.

2. MECHANICS' LIENS—*as additional remedy.* A mechanic's lien provides the building contractor for the enforcement of his claim a remedy additional to and not affecting the enforcement of his contract rights with the property owner by common law or equitable means.

3. MECHANICS' LIENS—*effect of waiver.* A waiver of a mechanic's lien is not the giving up of a property right but merely of an added remedy.

4. MECHANICS' LIENS—*necessity of consideration for waiver.* A waiver under hand and seal of the right to a mechanic's lien cannot be repudiated on the ground of a want of consideration therefor.

Appeal by defendant from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1926. Reversed and remanded with directions. Opinion filed October 19, 1927. Rehearing denied and opinion modified November 4, 1927.

MYER H. GLADSTONE, for appellant.

EDWARD J. KELLEY, for appellees.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

This is a suit by bill in equity and an intervening petition to enforce two mechanics' lien claims. The matters involved were referred to Master in Chancery Doyle, and he made a report recommending that the claim of the complainant, the H. G. Wolff Company be allowed in the sum of $5,857, with interest, and that the claim of the intervening petitioner be allowed in the sum of $600, with interest. On July 14, 1926, the chancellor entered a mechanic's lien decree in accordance with the master's findings and recommendations. This appeal is therefrom.

It is the theory of the owners of the property, the defendants, that the decree is erroneous because the two lien claimants had executed and delivered waivers of lien which had extinguished their rights to a remedy under the lien statute. On the other hand, it is the theory of the two lien claimants—the complainant and the intervening petitioner—that there was no consideration for the alleged waivers, and that notwithstanding they were under seal, they were without consideration and, therefore, did not extinguish their rights to liens under the Lien Act, Cahill's St. ch. 82.

As to the claim of the complainant, hereinafter called the Wolff Company. On June 15, 1923, it made a written agreement with the defendant, the Broadway-Halsted Building Corporation, hereinafter called the owner, to do the plumbing, sewerage and gas fitting work pursuant to certain drawings and specifications and to the satisfaction of the architect. The price agreed upon was $19,000. It was to be paid in current funds, but only on certificates of the architect, and "as follows: During the satisfactory progress of the work, on or before the 10th day of each month, ...... per cent of the value of the labor and materials wrought up to the first day of that month, as estimated by the architect, less the aggregate of previous payments." It, also, provided as follows, "Payment to be made as follows: Seventeen ($17,000.00) thousand dollars in cash; two thousand and five hundred dollars ($2,500.00) in * * * bonds of the Broadway-Halsted Building Corporation, * * * same to apply on the final payment at completion of contract."

The evidence shows, and it is admitted, that both claimants did all the work and furnished all the materials required of them under their respective contracts. In the course of the work by the Wolff Company certain payments were made by the owners upon certificates of the architects. The total contract price, by reason of changes agreed upon, as found by the master, was $24,099; and the total amount paid was $18,242, leaving a balance due of $5,857. On June 10, 1924, the Wolff Company was given an architect's certificate for $2,500. It was presented for payment, and refused because the Wolff Company would not take certain bonds and cash. The master found that on June 23, 1924, the Wolff Company was given an architect's certificate for $3,357 for the balance due; that it was presented and refused; that the owner said if the Wolff Company would take $4,500 in bonds, the balance would be paid in cash; that no part of the amount

of both certificates has been paid; and that the Wolff Company was entitled to a lien in the sum of $5,857.

As to the claim of Frank P. Bauer Marble Company, the intervening petitioner, hereinafter called the Marble Company. Under a written contract, dated July 5, 1923, with the owner, the Marble Company agreed to do certain work and furnish marble for $10,600. The work and material were done and furnished and paid for, except a balance of $600, for which, on October 2, 1924, the architects gave the Marble Company an architect's certificate. The master found that the Marble Company was entitled to a lien for $600.

As to the alleged waivers of liens. On March 11, 1924, the Wolff Company gave to the owner a document signed "H. G. Wolff Co.," by the president, and with the corporate seal attached. It contained the following:

"We the undersigned, for and in consideration of the sum of One & no/100 Dollars, and other good and valuable considerations, the receipt whereof is hereby acknowledged, do hereby waive and release any and all lien, or claim or right to lien on said above described building and premises under the Statutes of the State of Illinois relating to Mechanics' Liens, on account of labor or materials, or both, furnished up to this date by the undersigned to or on account of the said Broadway-Halsted Bldg. Corporation for said building or premises.

"Given under our hand and seal this 11th day of March, A. D. 1924."

The evidence shows that the Marble Company gave the owner a similar document, under seal—it was dated June 7, 1923—save that it recited a waiver or release of lien "on account of labor or materials, or both, furnished or which may be furnished" by the Marble Company. It is stated in the brief for the owner that "As the only question presented on this

appeal concerns the error of the trial court in refusing to give effect to these waivers, a review of the evidence in the case not pertaining to this question is unnecessary and will not be attempted.''

The question arises, first, as to the Wolff Company, what right to a lien was waived by the document dated March 11, 1924, which contained the words, ''do hereby waive and release any and all lien or claim or right to lien on * * * said premises under the Statutes * * * on account of labor or materials, or both, furnished up to this date.'' We think it cannot be claimed, with reason, that there was any waiver of a right to a lien for labor and material furnished after March 11, 1924. But, was it a waiver of a right to a lien for anything furnished before that time?

The master based his recommendation on *Chapman v. Richey,* 188 Ill. App. 551, and the decree states that as ''it is clear from the evidence that there was no *bona fide* dispute between the defendant and the respective mechanic's lien claimants with reference to the balance due to them under their respective contracts,'' the two claimants have liens of equal validity and priority upon the premises. The court held in *Dymond v. Bruhns,* 101 Ill. App. 425, that a waiver of a mechanic's lien, which was under seal, cannot be questioned for want of a consideration. Counsel for the owners cite *Crandall v. Willig,* 166 Ill. 233, *Corbett v. Cronkhite,* 239 Ill. 9, in opposition, but both those suits were strictly equitable proceedings for specific performance, and did not involve waiver of liens under the lien statute. Substantially the same may be said of *Mosby v. Chapin,* 217 Ill. App. 442. In *Kingsley v. Kingsley,* 20 Ill. 203, the court said, ''It is well settled, though the payment of a smaller sum cannot be pleaded in satisfaction of a larger sum, yet a release under seal may be so pleaded.'' If in proceeding in equity generally a release under seal can be so

H. G. Wolff Co. v. Gwynne, 246 Ill. App. 86.

pleaded, *a fortiori*, in a statutory proceeding such as this, where the waiver pertains only to one of several forms of remedy, and in no way modifies or extinguishes the actual obligation, a release or waiver of lien under seal is a bar to proceedings under the lien statute. The Mechanic's Lien Law does not affect, and is not in derogation of, the common law or equity rights of the parties. It merely undertakes to provide an additional remedy; the contractual obligations of all parties still subsist to the full; their substantive rights remain and may be enforced as before. A waiver of a mechanic's lien has merely procedural quality; it is not in its essence the giving up of a property right. Where, therefore, one solemnly declares by a document under his hand and seal that he waives his right to a particular form of remedy, offered by the lien statute, he is not entitled to repudiate it on the ground that he was given no consideration therefor.

In our judgment, therefore, the Wolff Company waived its right to a lien for all work and materials furnished up to March 11, 1924. As to just what work and material were furnished after March 11, 1924, the record does not show. The evidence of the witnesses on that subject is too vague to justify a definite finding. Further, there may have been other waivers of lien, similar to that of March 11, 1925, given by Wolff Company, which, following what we have said above, would prevent a lien for the work and material furnished after March 11, 1924.

As to the right of the Marble Company to a lien, it was waived on June 7, 1923, when it gave a written waiver under seal, "on account of labor or materials, or both, furnished or which may be furnished."

The decree will be reversed as to the complainant, H. G. Wolff Company, and the cause remanded for further hearing in accordance with the reasoning of this opinion. As to the intervening petitioner, Frank

P. Bauer Company, the decree will be reversed, with directions to dismiss the petition for want of equity.

*Reversed and remanded with directions.*

HOLDOM and WILSON, JJ., concur.