For defendant: Walter G. Hennessey.

Walter H. Sharkey, Admr.
vs. }P. A. No. 1205
Edward C. Connors

January 23, 1931.

BAKER, J. Probate appeal heard jury trial waived.

In this case the defendant, who was the husband of one Mary E. Connors, deceased, and whose estate is represented by the appellant herein, pe-

titioned the Probate Court of the Town of Warren under the provisions of Section 4 of Chapter 367 of the General Laws of Rhode Island 1923, asking that there be set off to him in fee real estate of the said Mary E. Connors, who died intestate, of a value not to exceed $5,000. This petition was granted by the Probate Court of said town and thereafter this appeal was duly taken.

The appellant claims that any rights which the defendant may have had as surviving husband of the intestate, who died without issue, by virtue of the provisions of Sec. 4 *supra* have been lost or barred by the terms of a certain post nuptial separation agreement entered into by the said defendant and his wife a short time before her death.

The defendant on the other hand urges that the scope of this agreement is not broad enough to deprive him of whatever rights he may have under said Section 4.

The testimony in the case is brief and the question raised is largely one of law. While the defendant now makes some claim that he did not entirely understand the agreement entered into by him and that he thought it merely related to his leaving the house where the parties were living and to a release as to certain furniture therein, and that his deafness interfered with his full understanding of the situation, the Court is well satisfied that he knew and realized the import of the instrument he was signing. It seems clear that he either read the instrument himself or it was read to him. The attorney who drew the agreement and in whose office it was executed stated very explicitly that the matter was explained to the defendant at considerable length, and it seems to the Court that there can be little doubt that the agreement was intended to be a final separation agreement settling the property rights of both parties.

An examination of the law reveals many different types of separation agreements. The ante nuptial separation agreement prior to cohabitation, the purpose of which is to create a separate estate in equity for one of the parties and which usually is effective only during coverture, is of course not particularly applicable to the situation presented by the facts in the case at bar. Obviously here the Court is dealing with a post nuptial separation agreement, acted upon, followed by no further cohabitation and clearly intended to settle the property rights of the parties for all time. Many cases have been cited to the Court. The defendant relies chiefly on the case of

*Girard* vs. *Girard*, 35 A. L. R. 1493.

Following this case is a comprehensive note.

The Court has serious doubt whether on the facts as presented this case follows or represents the weight of authority.

The appellant has also cited many cases of which

*McBreen* vs. *McBreen*, 154 Mo. 323, and

*Luttrell* vs. *Boggs*, 168 Ill. 361, are examples.

There seems little doubt that a husband and wife, if they see fit, can enter into a separation agreement which will bar the rights of one in the property of the other after death. It seems to the Court that in this case the question becomes that of the proper construction to be given the agreement marked Exhibit 1. According to the testimony of the attorney, it was intended to be a final settlement of all property rights between the parties.

The defendant urges that the absence of any words relating to inheritance or right of inheritance shows that its scope is narrowed and that it is not sufficient to bar the husband of his rights under the statute in question. The agreement, however, does refer specifically to "all curtesy right and

all other statutory or property rights which he now has or might or may have acquired in or against the person or property of said wife," and, again, the following language appears: "in full payment and satisfaction of all and of every right that he now holds or may hold in the future in or against the person and estate of said wife in consequence of the aforesaid marriage."

After careful consideration of the evidence presented and of the agreement itself, the Court has come to the conclusion that it should be broadly construed and that it was the intention of the parties to have it act as a post nuptial separation agreement fixing as final the property rights of the respective parties.

That being so, the Court finds that the agreement is a bar to the petition of the defendant seeking to have certain real estate set off to him and that it operates as a defence to such claims as he is now making under said Section 4.

The appeal is sustained.

For appellant: Walling & Walling.

For appellee: J. C. Emidy, Archambault & Lambert.