### WILLIAM B. WESCOTT

*v.*

### CHAUNCEY E. WICKS *et al.*

EQUITY PLEADING. Although a case is so defectively made by a bill in chancery that the court can not fully comprehend it, and pronounce upon it with confidence, still, if the court can see, from what is stated, that there is equity in the bill, it is error to sustain a demurrer to the whole bill, for want of equity.

APPEAL from the Circuit Court of Washington county; the Hon. AMOS WATTS, Judge, presiding.

Mr. J. M. DURHAM, for the appellant.

Messrs. TURNER & ROUNTREE, for the appellees.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The imperfect manner in which this case is presented, renders it quite difficult to get at the merits. The transcript of the record, as we understand it, presents a case of a bill in chancery, filed by the appellant, in a double aspect—first, to revive a mortgage, of which appellant became the owner by assignment from one Pease, to whom it had been executed by Chauncey E. Wicks and A. W. Wicks to secure the purchase money for the lands described in it, and which they had purchased of Pease, and which, by assignment, became the property of appellant. The ground of this prayer seems to be, that, on the death of A. W. Wicks, a proceeding was had by one Geiger and wife, who are not stated to be heirs at law of Wicks, but it appears only inferentially, for a partition of these lands,

in which proceeding appellant was not a party; and judgment for partition having resulted, and commissioners appointed, who reported that partition could not be made, an order of sale was made, and L. L. Post appointed a commissioner to make the sale. The commissioner performed this duty, and C. E. Wicks became the purchaser, and executed to Post a mortgage to secure the purchase money. Subsequent to this, it would seem, Geiger, as the agent of C. E. Wicks, applied to appellant, then in St. Louis, Missouri, to release his original mortgage, and take a new one from C. E. Wicks on a part thereof, he, Geiger, not disclosing to appellant the fact that C. E. Wicks had, before, mortgaged the land to Post.

The prayer of the bill in this respect, to restore this original " Pease mortgage," being granted, appellant then prays that the same be foreclosed; and these are the two aspects, so far as we are able to comprehend the case, which it presents.

A general demurrer was interposed, which the court sustained, thereby adjudging there was no equity in the bill. To reverse this judgment, the complainant appeals.

We repeat our inability to comprehend the case fully, as stated in the bill, but, from what we do understand, there appears to be equity in the bill, though very defectively stated. There are no allegations in the bill that the Geigers and Lewis were heirs at law of A. W. Wicks, or in any way interested in this land. The proceedings in partition are not set out, and so lamely alluded to as not to be easily understood. The purpose and object of the receipts by appellant on the record of the mortgage are not set out distinctly, nor the reason given why he took the new mortgage. In short, the whole case is so defectively presented, we are at a loss as to its real merits, though we think we see such an equity in it which, if properly presented, might result in a favorable decree. On a proper presentation, appellant might have his original mortgage, the " Pease mortgage," restored and foreclosed, as it has not been discharged or satisfied, certainly, as against all persons having notice of his rights, which Post, the second mortgagee, had. His interests, when the case is properly presented, may be post-

poned to those of appellant. Apparently, he has superior equities, but we repeat, the case is so defectively stated we can not pronounce upon it with confidence. Enough appears, however, to require that the demurrer should be overruled, there being equity in the bill and the demurrer going to the whole bill.

The decree is reversed, and the cause remanded with leave to amend the bill, in which all the facts shall be clearly and fully stated. ·

*Decree reversed.*

Mr. Justice McALLISTER, dissenting: The rules of pleading in equity require the plaintiff to set out the facts and circumstances constituting his ground for relief, with such reasonable certainty as that the court can intelligently grant the relief prayed, from what appears upon the face of the bill. This bill is wholly wanting in this particular, and the demurrer, in my opinion, was properly sustained.