WILLIAM LANGLOIS

*v.*

WILLIAM A. McCULLOM.

*Opinion filed October 16, 1899.*

1. PLEADING—*a general demurrer to a bill which has equity is properly overruled.* A general demurrer which fails to point out any defects in the bill is properly overruled if there is equity in the bill.

2. SAME—*it is not sufficient to charge fraud generally.* It is not sufficient to charge fraud generally in reference to a transaction assailed on that ground, but the complaining party must plead and prove the specific acts or facts relied on as establishing the fraud.

3. SAME—*when allegation of fraud in bill to remove cloud is sufficient to warrant relief.* An allegation in a bill to set aside a tax deed, that the affidavit for the deed was "defective and fraudulent," is sufficient, after the overruling of a general demurrer and the entry of a decree *pro confesso*, to warrant the setting aside of the deed, where it is found that the affidavit fraudulently stated that the premises were vacant and unoccupied.

4. CLOUD ON TITLE—*when a tax deed will be removed as a cloud.* A tax deed will be set aside as a cloud on the title when the affidavit on which it was issued fraudulently and falsely stated that the premises were vacant and unoccupied, thereby obviating the necessity of giving notice to the occupant.

APPEAL from the Circuit Court of LaSalle county; the Hon. CHARLES BLANCHARD, Judge, presiding.

GAGE & DEMING, for appellant.

BUTTERS, CARR & GLEIM, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Appellee filed a bill on the 27th of September, 1898, alleging that he had for forty years resided in LaSalle county, and that he was in possession of the south half of the south-east quarter of the south-west quarter of section 31, township 33, north, range 5, east of the third principal meridian, and leased it to one Gillen from 1890

to 1894, and that the lessee sub-let the land for the same
period to one Messenie, who retained possession during
those years. The bill alleges that the complainant ob-
tained title to the property in January, 1865, and since
that date has been in the actual possession thereof, either
in person or by his tenants; that for the year 1891 the
property was wrongfully assessed, and that on the 15th
day of June, 1892, the county treasurer sold said land
under an alleged judgment of the county court and pre-
cept issued thereon and a certificate of purchase was
issued, and that afterward, on May 10, 1895, on a fraudu-
lent and defective affidavit made by the appellant, a tax
deed was duly issued to him, which was duly recorded;
that the appellee had tendered a much greater sum than
the amount of the taxes, and offers to pay into court the
sum so tendered; avers that since the sale under the tax
deed he has paid all taxes; that the tax deed is a cloud
on his title, and asks to have the same set aside.

The appellant filed a general demurrer to the bill,
which was overruled and a rule entered against the
appellant to answer. It appears that subsequently, on
his failure to comply with the rule to answer, he was
declared to be in default and a decree *pro confesso* was
entered, which finds that "said cause having come on to
be heard on the bill of complaint, taken as confessed,
and the oral testimony of witnesses examined in open
court, together with documentary evidence, and the court
having heard argument and being fully advised, and on
consideration thereof finds that all the material facts
charged in the bill are true as therein stated." Then fol-
low the specific findings of ownership of the land since
January, 1865, and that during all the time since com-
plainant was in the actual possession of the same, either
in person or by tenants; that at no time has the land
been vacant or unoccupied, and that all taxes have been
paid; that the affidavit on which the deed was based is
untrue and defective, in that "it is stated in said affidavit,

in substance, that said premises were vacant and unoccupied, and that no person or persons were in the actual occupancy thereof three months prior to the expiration of the time of redemption from said sale, when the court finds from the evidence the contrary to be true, and that said premises were then in the actual occupancy of said Constance Messenie, and that this fact could have been easily learned by said Walter Langlois upon diligent inquiry. The court further finds that the facts set forth in the said affidavit are further untrue in this: that it is stated in said affidavit that the owner of said tract of land could not be found, on diligent inquiry, within said county of LaSalle and did not reside therein within the knowledge and belief of deponent, when the court finds that said William A. McCullom was then the owner thereof, and that his deed therefor was then of record in the recorder's office in said county in book 179, at page 285, and that said McCullom then, and for many years prior thereto, lived in said county, and the greater part of the time within five miles of the property, and that his post-office was Marseilles." It is further found that the tax deed is a cloud on the title and the same is decreed to be set aside.

It is expressly found in the decree that evidence was heard in open court, both documentary evidence and the testimony of witnesses. In the record presented to this court there is contained no evidence, documentary or otherwise, as having been submitted to the court. The appellant insists that there is no allegation in the bill showing appellee could have been served with notice, and that the decree is based on a finding of facts different from the facts alleged in the bill. The averment that the deed was issued on a defective and fraudulent affidavit is found by the court to be sustained by the evidence, and the court expressly finds the affidavit is untrue and defective in stating that the premises were vacant and unoccupied, etc.

The findings in the decree are such that the relief could be granted on the averments as made in the bill. Where a transaction is sought to be assailed on the ground of fraud, it is not sufficient to charge fraud generally, but the complaining party must state in his pleadings and prove on the trial the specific acts or facts relied on as establishing fraud. *Roth* v. *Roth*, 104 Ill. 35.

The affidavit to be made by the purchaser or assignee of a purchaser is fixed by the statute as to what must necessarily be set forth therein, and that section of the statute provides that the person in the actual possession or occupancy shall be served with such notice of an intention to apply for a deed. The bill in this case, averring, as it does, actual occupancy and possession, either in person or by tenants, and averring the affidavit to be fraudulent and defective because it fails to show any fact with reference to possession, must be held sufficient, and the finding that the affidavit was untrue would be sufficient on which to base the relief prayed for. Inasmuch as the demurrer did not point out the alleged defects in the bill, the allegations in the bill must therefore be held sufficient, and the proof as shown by the findings sufficiently corresponds with and sustains those allegations.

It sufficiently appears there is equity in the bill, and it was not error to overrule a general demurrer to the bill. *Wescott* v. *Wicks*, 72 Ill. 524; *Gage* v. *Schmidt*, 104 id. 106.

The averments of the bill are sufficiently sustained by the decree and authorize the decree as entered, to the extent the complainant was entitled to the relief prayed.

The decree of the circuit court of LaSalle county is affirmed.                              *Decree affirmed.*