Jennie G. Garrett, et al. v. Joseph A. Simpson, Trustee, et al.

Gen. No. 11,358.

1. GENERAL DEMURRER—*when, properly overruled*. A general demurrer to a bill to foreclose is properly overruled where such bill sets up an equitable cause of action.

2. DEMURRER—*what admitted by*. Where defendants demur to a bill and upon its being overruled elect to stand by their demurrer, every fact properly pleaded is admitted;. and if a cause of action is set forth the complainant is entitled to a decree.

3. CONSTRUCTIVE NOTICE—*when holder of trust deed not charged with*. The holder of a trust deed is not charged with constructive notice of facts which did not appear of record at the time of its filing for record, notwithstanding they may have appeared of record at the time of the granting of an extension of the time of payment of such trust deed, as, for instance, of a tax sale and tax deed which occurred and was issued in the interim between the execution of the trust deed and the extension of its time of payment.

4. WAIVER—*what essential to a*. No person is bound by a waiver of his rights unless it is made distinctly and with full knowledge of the rights which he intends to waive.

5. RECEIVER—*when appointment of, in foreclosure suit may be set aside on appeal*. The act of appointing a receiver in such a case is discretionary and will not be reviewed when no abuse of discretion appears.

Foreclosure proceeding. Appeal from the Superior Court of Cook County; the Hon. AXEL CHYTRAUS, Judge, presiding. Heard in this court at the October term, 1903. Affirmed upon remittitur. Opinion filed June 30, 1904. Remittitur filed and decree affirmed July 5, 1904.

**Statement by the Court.** November 21, 1902, appellees filed a bill to foreclose a trust deed given by appellants to secure the payment of their principal note for the sum of $3,500, dated September 7, 1897, payable three years after its date with interest at seven per cent per annum. The bill alleged that no part of such principal note had been paid, and that appellants neglected to pay the taxes levied upon the premises described in the trust deed, and that they were sold on August 19, 1898, for such delinquent taxes. The prayer is for an accounting, for the sale of the premises, for the appointment of a receiver, and for general relief.

Garrett v. Simpson.

To this bill appellants filed a plea alleging that on September 7, 1900, the time of payment of said principal note, in consideration of the payment of $50 by appellants to said appellee Linn, the holder thereof, was extended for five years from such last date. Appellees then amended such bill, by setting up the issuance of a tax deed to one Jacob Glos for said delinquent taxes; admitting the execution of the extension agreement as set forth in the plea; and alleging that they did not, nor did either of them, know that said sale for delinquent taxes had been made, or that said tax deed had issued, until long after the making of such extension agreement. To the bill as amended appellants filed a general demurrer, which was overruled June 2, 1903, and they were given leave to answer within ten days. June 11, 1903, appellants electing to stand by their demurrer, the bill of complaint as amended was taken as confessed against them.

June 17, 1903, appellees filed a petition for the appointment of a receiver. Inadequate security and the doubtful solvency of the parties liable are alleged. The default in the payment of taxes as recited in the bill and the provisions of the trust deed providing for the appointment of a receiver are also set up. The affidavit attached thereto states that affiant " has read the foregoing petition and knows the contents thereof and that the statements therein contained are true, excepting those made upon information and belief, and that as to those he believes them to be true." Upon this petition a receiver was appointed to collect the rent of the said premises.

June 17, 1903, the court entered a decree of sale, in which it finds, among other things, that there is due upon the note and trust deed described in the bill the sum of $3,683.33, and complainants are entitled to a solicitor's fee of $184.15; and that unless such amounts be paid within three days, the property be sold to satisfy such decree.

From this decree appellants perfected the present appeal.

WILLARD D. NORTON, for appellants.

OTIS H. WALDO, for appellees.

MR. JUSTICE BALL delivered the opinion of the court.

The learned chancellor did not err in overruling the demurrer to the amended bill of complaint. That demurrer was general. It went to the whole bill. It failed to point out any specific defect. Lacking this it was properly overruled, since an equitable cause of action is set out in the bill. Wescott v. Wicks, 72 Ill. 524; Gage v. Schmidt, 104 Ill. 106; Langlois v. McCullom, 181 Ill. 195. Appellants elected to stand by their demurrer, and thereupon the bill was taken as confessed. Every fact properly pleaded in the bill was thus admitted to be true. Hence the indebtedness is established, as is also the fact that appellants suffered the property described in the trust deed to be sold for taxes, and a tax deed to be issued thereon, which condition of things did not come to the knowledge of appellees or to the knowledge of either of them until long after the agreement to extend the time of payment of the original indebtedness was executed. This fact, in and of itself, justified an immediate foreclosure, since the trust deed provided that on the failure of appellants to pay the taxes assessed upon the premises therein described the *cestui que trust* might declare the principal sum due and payable, and institute foreclosure notwithstanding the terms of the note evidencing such indebtedness. Ortengren v. Rice, 104 Ill. App. 428; Gray v. Robertson, 174 Ill. 242. Appellees were not bound by any constructive notice of such tax sale or tax deed contained in the public records, for the reason that these records did not exist at the time the trust deed herein was placed of record. Public records operate as constructive notice to those persons only, who, for their own protection, are bound to search for them. 2 Pom. Eq. Jur., sec. 657. To charge such other persons with knowledge the notice must be actual, not constructive. Iglehart v. Crane, 42 Ill. 261; Doolittle v. Cook, 75 Ill. 357. The allegation in the bill that appellees did not know of the tax sale or of the issuance of the tax deed until long after the extension agreement was made, stands confessed by

the demurrer.    The law is that no man can be bound by a waiver of his rights unless it is made distinctly and with full knowledge of the rights which he intends to waive. 28 Am. & Eng. Ency. 527.    "Acquiescence and waiver are always questions of fact.    There can be neither without knowledge.    The terms import this foundation for such action."    Pence v. Langdon, 99 U. S. 581.

The extension agreement contains the following provision:    "It is mutually agreed and understood between the parties hereto that nothing herein contained shall be construed as impairing the validity of said principal note or said trust deed in any respect whatsoever."    The effect of this provision is to leave appellees clothed with all the other rights and remedies they originally had.    What the parties intended to do and what they did do by the execution of this instrument, was to extend the time of payment of the principal, and to reduce the rate of interest, leaving the other clauses and conditions of the note and trust deed unchanged.    Had the note been given, at the time it was signed, a maturity of eight years instead of three, the rights and remedies of the parties would be the same as they were and are after this renewal agreement was made. Weber v. Huerstel, 11 Misc. Reps. (N. Y.) 214.

Appellants assign for error the appointment of a receiver to collect the rents of the premises described in the bill. It is a sufficient answer to say that the appointment of a receiver in a case like this is a matter of discretion upon the part of the chancellor before whom the foreclosure is pending; and an examination of the bill as confessed convinces us that such discretion was not abused in this instance.

The amount of the decree is $20 greater than can be sustained under the bill and the evidence recited in the decree.    The principal with the interest thereon from the date of the last payment to the time of the entry of the decree amounts to $3,663.33, and not to $3,683.33.    Aside from the principal note with its attendant interest and the solicitor's fee, the bill sets out no item of indebtedness.    It

may be that appellees paid $20 for a continuation of the abstract, but if they did so, the failure to allege that fact in the bill precludes its recovery in this proceeding.

We have examined the further contentions of appellants, and find reversible error in none of them.

For the error in the computation of the amount due upon the principal note with interest, the decree of the Superior Court is reversed and the cause is remanded, unless appellees within ten days from the date of the filing of this opinion file with the clerk of this court a remittitur in the sum of $20, in which case the decree shall be and is affirmed.

*Affirmed upon remittitur.*

Remittitur filed and decree affirmed July 5, 1904.