Franklin P. Smith, trading as F. P. Smith Wire & Iron Works, Appellant, v. Bessie B. Adcock et al., Appellees.

## Gen. No. 23,199.

1. EQUITY, § 218*—*what objections to bill may be urged under general demurrer*. Where a general and a special demurrer are filed, no question as to the form of the bill demurred to can be raised other than the special grounds mentioned, but any objection that goes to the substance may be urged under the general demurrer.

2. MECHANICS' LIENS, § 184*—*when bill is sufficient*. Where a bill was filed under the Mechanics' Lien Law against the owner in fee of certain lands and his lessee and sublessee, seeking to enforce a lien for materials furnished by complainant to the sublessee for the erection of a building and improvements on the lands, to which was attached and made a part thereof, the lien filed by

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

complainant in the office of the clerk of court setting up that the sublessee was then erecting the buildings and improvements ·on the lands with the knowledge of the owner, *held* that this was sufficient to show that the materials were furnished with the knowledge of the owner, notwithstanding the bill itself may have been insufficient to show the fact.

3. MECHANICS' LIENS, § 184*—*when bill to enforce is sufficient.* Bill to enforce a mechanic's lien, with statement of lien attached thereto filed with the clerk of the court, giving the several dates at which it was agreed the materials claimed for should be furnished, when they were furnished, and stating that the work was to be finished within ·a reasonable time and the amount agreed to be paid, *held* to comply with section 11 of the law (J. & A. ¶ 7149), providing that a bill or petition should contain a brief statement of the contract on which it was founded, the date, when made, and when completed, if not completed why, the amount due and unpaid, a description of the premises subject to the lien, and such other facts as may be necessary to a full understanding of the rights of the parties.

4. MECHANICS' LIENS, § 102*—*when affidavit to statement of claim is indefinite.* Affidavit to a statement of claim for a mechanic's lien setting up that the statement is true, that all material and labor mentioned were furnished to the defendant at the times and for the prices stated, and that the above and foregoing is a just and true statement of the material, labor and services furnished and performed as set forth, *held* to be ambiguous and indefinite in itself but sufficient as part of a bill seeking to enforce the lien, to which no special demurrer setting up deficiency of the affidavit was filed.

5. MECHANICS' LIENS, § 103*—*when special demurrer to bill necessary.* Any deficiency in an affidavit to a statement of claim for a mechanic's lien as part of the bill must be reached by a special demurrer setting up such fact.

6. EQUITY, § 345*—*when error to dismiss bill for want of equity.* Even where the court may not be able to fully comprehend the case as ·set forth in a bill and pronounce upon it with confidence, still if the court can see from what is stated that· there is equity in the bill, it is error to sustain a demurrer to the whole of the bill and dismiss it for want of equity.

Appeal from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed and remanded with directions. Opinion filed December 28, 1917.

J. FRANCIS MAHAN and HARRY H. KRINSKY, for appellant.

BUTZ, VON AMMON & JOHNSTON, for appellees.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Franklin P. Smith filed the bill in this case to foreclose a mechanic's lien. Demurrers of certain defendants were sustained to the amended bill, and it was dismissed for want of equity.

The amended bill alleged that the complainant was engaged in the business of furnishing building supplies, ornamental iron, etc.; that about January 27, 1913, the owners of certain real estate leased it for a period of 99 years to Edward C. Waller, Jr., one of the defendants; that afterwards Waller assigned and conveyed an undivided one-half of the leasehold interest to Oscar J. Friedman; that on or about May 1, 1914, Waller and Friedman leased a portion of the real estate for a period of 97 years to the Midway Gardens Company, a corporation, subject to the terms of the original lease to Waller; that the original lease provided that Waller should erect on the premises on or before October 1, 1917, new and additional buildings to cost not less than $150,000; that the lease to the Midway Gardens Company provided it should within a certain specified time erect upon the premises certain buildings and improvements; that Waller caused to be organized the Midway Gardens Company, of which he was president and director, for the purpose of having the Midway Gardens Company comply with the terms of the original lease in the erection of the improvements as therein specified; that thereafter it proceeded to make the improvements under its lease, and on or about May 29, 1914, entered into a contract with the complainant whereby he was to furnish certain ornamental iron, iron gates, iron fences

and fence posts to be erected and installed in the buildings and improvements then being erected by the Midway Gardens Company on the premises; that in pursuance of the contract complainant furnished and delivered upon the premises and installed in the buildings the materials which he had agreed to, setting forth in detail the dates when the material was furnished, the kind of material and the price of each item, the total aggregating $2,706.40, the first material being furnished May 29, 1914, and the last September 27, 1914; that no part of the claim had been paid; that on October 30, 1914, he served a notice for a mechanic's lien on the owners of the fee, Waller, Friedman and the Midway Gardens Company, and on the same day filed a claim for lien in the office of the clerk of the Circuit Court of Cook county. Attached to and made a part of the bill is the notice and statement of claim.

One of the defendants filed a general and special demurrer, and certain other defendants filed a general demurrer, both of which were sustained, and the bill dismissed for want of equity.

Appellant contends that as there were but two special grounds of demurrer set up, only these two grounds can be urged in this court. This is not the law. Where a general and special demurrer is filed, no question as to the form of the bill can be raised other than the special grounds mentioned, but any objection that goes to the substance may be urged under the general demurrer. Story's Equity Pleading (9th Ed.), sec. 443; Puterbaugh's Chancery (6th Ed.), p. 108. In the instant case, therefore, the defendants can urge the two special grounds set up and any other grounds that go to the substance.

The defendants first contend that the demurrers were properly sustained for the reason that there is no allegation that the owners of the fee authorized or knowingly permitted Midway Gardens Company to

contract for the improvement of or to improve the premises in question within the meaning of section 1 of the Mechanics' Liens Law (J. & A. ¶ 7139), and that while it is true that the original lease required Waller to construct certain new and additional buildings on the premises to cost not' less than $150,000, there is no allegation that the owners or Waller or Friedman authorized the Midway Gardens Company to erect any buildings or improvements on the property, and that as there was no contractual relations between the owner and the complainant, the only way the fee can be subjected to the lien is by averring and proving that the owner of the fee authorized or knowingly permitted the particular improvement.

It is true that the bill is rather loosely drawn, and might be subject to the complaint urged, but we think that the deficiency, if any, is cured by the claim for lien filed by the complainant in the office of the clerk of the Circuit Court, which was attached to and made a part of the bill. It is there set up that the Midway Gardens Company, through its authorized agents, entered into an agreement with complainant to furnish the materials in question; that the Midway Gardens Company was then, with the knowledge of the owners of the fee, erecting buildings and improvements on the real estate, and that the complainant furnished the materials which were used in the construction of the buildings. We think this is sufficient to show that the material was furnished by complainant with the knowledge of the owners of the fee.

The defendants next contend that the amended bill is defective in that it contains no "brief statement of the contract or contracts on which it is founded," as required by section 11 of the Mechanics' Liens Act (J. & A. ¶ 7149). In support of this it is argued that it must appear from the bill that there was a specific time fixed by the contract for furnishing the labor and materials, and that the same were furnished with-

in such time; or, that no time was fixed, and that the labor and materials were furnished within a reasonable time; that it must also set up the time of payment.

Section 11 provides: "The bill or petition shall contain a brief statement of the contract or contracts on which it is founded, the date, when made, and when completed, if not completed, why, and it shall also set forth the amount due and unpaid, a description of the premises which are subject to the lien, and such other facts as may be necessary to a full understanding of the rights of the parties." The bill, and the statement of claim filed with the clerk of the Circuit Court, which is made a part of the bill, give the several dates at which it was agreed that the materials should be furnished, also when they were furnished, and the statement of claim sets up that the work was to be completed within a reasonable time; that the Midway Gardens Company agreed to pay $2,706.40 for the work which was done. We think the allegations are a sufficient compliance with the provisions of the statute. It shows the several dates when deliveries were made, when the work was completed and the amount; the agreement to pay and that the work was to be done within a reasonable time. Therefore, while the exact date of payment is not specified, we think it is clear from the allegations that the payments were due when the work was completed.

Complaint is also made that the statement of claim for lien filed is insufficient, in that it contains no "brief statement of the contract," required by section 7 of the Act (J. & A. ¶ 7145), and that the affidavit to the claim does not show the materials were furnished by complainant; that the claim should show "either the time within which the material or labor were to be furnished, and that they were furnished within such time, or that no time was fixed for the furnishing thereof, and that they were furnished within a reason-

able time''; that it is also defective in failing to show the time within which payment was to be made under the contract. We think what we have already said disposes of these objections.

The verification to the claim, to which objection is made, sets up that the statement of claim is true; that all material and labor mentioned in the claim was furnished ''to said Midway Gardens Co.  *  *  *  by and through its architect and agents  *  *  *  at the times and for the prices herein stated, and that the above and foregoing is a just and true statement of the material, labor and services furnished and performed as herein set forth.'' This is sworn to by complainant, and while it is ambiguous and indefinite in itself, the statement of claim attached sets up that complainant delivered the materials to the Midway Gardens Company. We think it is sufficient, and, in any event, the defendants to be in a position to urge this point should have set it up as a special ground for demurrer. The same is true with reference to the objection urged to the allegations of the bill which attempts to set up that certain parties claim to have some interest in the premises which is subject to the complainant's lien; and also to the allegations concerning the provisions of the lease to the Midway Gardens Company. It is apparent that something is omitted from each of these allegations; and, although the case made by the amended bill is defectively stated, yet it is the law that even where the court may not be able to fully comprehend the case as made and pronounce upon it with confidence, still if the court can see from what is stated that there is equity in the bill, it is error to sustain a demurrer to the whole of the bill and dismiss it for want of equity. *Wescott v. Wicks,* 72 Ill. 524; *Langlois v. McCullom,* 181 Ill. 195; *Wormley v. Wormley,* 207 Ill. 411; *Seymour v. Woodstock & Sycamore Traction Co.,* 281 Ill. 84; *Gibbs v. Davies,* 168 Ill. 205. In the instant case, while the

amended bill is very loosely and inartificially drawn, yet we think there is equity in it, and the demurrers should not have been sustained.

The decree of the Circuit Court of Cook county is reversed and the cause remanded with directions to overrule the demurrers.

*Reversed and remanded with directions.*