William A. Beaudry, Trading as Wm. A. Beaudry
Landscape Organization, Complainant, Appellee,
v. Dillwyn M. Bell et al., Defendants. Dillwyn M.
Bell and Levaughn Bell, Appellants.

Gen. No. 32,661.

Opinion filed December 19, 1928.

LOUCKS, ECKERT & PETERSON, for appellants; TOM LEEMING, of counsel.

SASS & HOOD, for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

This case is here upon an appeal from a decree of the circuit court of Cook county. The complainant filed his bill in that court to foreclose a mechanic's lien against real estate owned by the defendant Levaughn Bell. She and her husband, Dillwyn Bell, were made parties defendant. They filed a joint and several answer in which they admitted that during the time mentioned in the bill of complaint they, as husband and wife, occupied the premises described in the bill as their homestead and place of residence and that Levaughn Bell was the owner of the property. The remainder of the answer consisted of categorical denials of the allegations of the bill. The other parties defendant were defaulted.

The cause was referred to a master in chancery to take proofs and report to the court his findings of fact

and conclusions of law. In due course he filed his report, in which he found that the complainant was engaged in the business of landscape gardening; that on October 21, 1922, he entered into a written contract with the defendant, Dillwyn M. Bell, wherein the complainant agreed to furnish and plant upon the premises owned by the defendant Levaughn Bell estimated amounts and kinds of shrubs and trees at designated prices; that the contract further provided for the inspection and care of the shrubs and trees, and the replacement of all dead or unthrifty ones, for a period of two years, and the making of a lawn to cost not exceeding $150; that the complainant substantially complied with the terms of the contract; that the defendant Levaughn Bell knew of the execution of the contract by her husband; that she knew that the materials were being furnished and services performed upon her property, and she made no objection or protest, in writing or otherwise; that there was due to the complainant from the defendants the sum of $1,190.65, and that the complainant was entitled to a mechanic's lien for that amount.

The court overruled the defendants' exceptions to the master's report and entered a decree finding that there was due to the complainant from the defendants the sum of $1,190.65, together with interest and costs, and that he was entitled to a mechanic's lien for that amount upon the premises in question. The defendant Levaughn Bell was decreed to pay the amount found to be due within three days, and in the event of her failure so to do, the premises were to be sold. There was a personal decree against her husband, Dillwyn M. Bell, for the same amount.

It is first contended on behalf of the defendant that the materials and labor furnished by the complainant are not lienable under the provisions of our Mechanics' Liens Statute, Cahill's St. ch. 82. It is said that the introductory clause of section 3, Cahill's St. ch. 82,

¶ 3, "If any such services or labor are performed upon or materials are furnished for lands belonging to any married woman," necessitates reference to the next preceding section to determine what services and materials are lienable under section 3. Section 2, Cahill's St. ch. 82, ¶ 2, gives a lien to "Any person furnishing services, labor or material for the erection of a building, or structure, or improvement, by mistake upon land owned by another," etc. It is then argued that, properly construed, the words, "erection of a building, or structure, or improvement," contained in section 2, could not include the planting of shrubs and trees and the making of a lawn.

This contention is unsound. The word "erection" construed in connection with the context is broad enough to include the improvements made by the complainant. While the Mechanics' Liens Statute is in derogation of the common law, it has been held that its language should be so construed as to give it remedial effect. In the case of *Martine v. Nelson,* 51 Ill. 422, it was unsuccessfully urged that painting a house was not furnishing labor or materials for the erection of a building. The court said that the position was entitled to little consideration and that "The urging of such arguments is labor lost."

If, however, the word "erection" is to be given the restricted meaning contended for, it becomes necessary to determine whether the language of section 2 determines the character of the improvements that are lienable under section 3. We think it does not. Section 1 of the statute creates the lien, which was not known in the common law, and provides in detail the kinds of services and materials, the furnishing of which shall confer the right. It constitutes the foundation for all that follows in the statute. Again, section 2 limits the operation of the lien to the improvement, which is to be sold and removed by the pur-

chaser, while section 3 contains no such limitation, but gives a lien upon the lands as well as the improvements. There might be a reason for construing section 2 so as to make it apply only to improvements which could be removed without destroying their value or injuring the lands upon which they were erected, but none exists in favor of such a limited construction of section 3. Section 2 gives the party making the improvement an equitable remedy growing out of his mistake, while under section 3 the liability of the wife is created because of her conduct. It is, in effect, a statutory estoppel. It places the wife's liability on a parity with the liability of the owner, under section 1, who, knowingly, permits another to contract for the improvement of his lands. Furthermore, section 3 makes express mention of section 1 in reference to the failure of the wife to protest in writing, and in one place refers to the lien as "the lien given by this act." Taking the act as a whole, we are of the opinion that the proper construction to be placed upon it is that section 1 of the act governs in determining the kinds of labor and materials which are lienable under section 3.

It is next urged that the bill of complaint failed to confer jurisdiction upon the court because it contained no allegation as to the date of the completion of the contract, nor did it allege when the labor under the contract was performed, or to be performed. There was attached to the bill of complaint as Exhibit "B" a copy of the statement of claim filed by the complainant in the office of the clerk of the circuit court. This exhibit, by appropriate allegation, was incorporated in the bill, and stated when the work and the furnishing of materials were completed. This, it has been held, was sufficient to supply the deficiency in the pleading. *Smith v. Adcock,* 209 Ill. App. 277. In that case the court held that the bill, which omitted several

material allegations but incorporated a copy of the statement of claim filed with the clerk of the court which contained the missing allegations, was not obnoxious to a general demurrer.

Complaint is made on behalf of the defendant, Dillwyn M. Bell, that the court erred in entering a personal decree against him for the amount found to be due to the complainant under the decree and ordering execution to issue on said decree. This contention appears to be supported by the authorities and by the language of the statute. The statute contains no provision for the entry of a personal decree against any party prior to sale. It does provide, section 19, Cahill's St. ch. 82, ¶ 19, that if the proceeds of sale are insufficient to pay all of the claims "the decree shall be credited by the amount of said sale and execution may issue in favor of any creditor whose claims is [are] not satisfied for the balance due as upon a deficiency decree in the foreclosure of a mortgage in chancery." Section 16 of the statute on Mortgages, Cahill's St. ch. 95, ¶ 17, provides for a deficiency decree and that "such decree may be rendered conditionally at the time of decreeing the foreclosure, or it may be rendered after the sale and the ascertainment of the balance due." A consideration of these provisions of the two statutes makes clear that the circuit court exceeded its jurisdiction in entering a personal decree against the defendant, Dillwyn M. Bell, and ordering execution to issue. The authorities support this view. *Stone v. Tyler,* 173 Ill. 147, and *Bouton v. Cameron,* 205 Ill. 50.

Similar complaint is made in reference to the decree entered against the wife. The decree against her was that she "pay to the complainant the sum of $1,944.90, with interest from the date of this decree at 5 per cent per annum, within three (3) days from this date," and in case she made default in the payment within the time prescribed, the premises should be sold. There

was no order that execution should issue. This provision did not make her personally liable, and is, therefore, not subject to the objection to the decree against the husband. *Baumgartner v. Hall,* 163 Ill. 136; *Wilson v. Smart,* 324 Ill. 276.

It is finally contended that the finding of the master that the complainant substantially complied with his contract is against the manifest weight of the evidence. Just how seriously this contention is urged is difficult to determine. Counsel for the defendants in their brief state that over 400 pages of testimony were taken, but that ''in the view we take of the case, it is unnecessary to outline the facts which were sought to be proved in anything more than a very general way.'' Again, in discussing this point, they say that the other points contended for should dispose of the case, and that they are reluctant to impose upon this court by an unnecessary extension of their brief. In their reply brief they reiterate this statement and say that because counsel for the complainant were not content to allow the case to be decided on the other points, but devoted nearly six pages of their brief to an analysis of the evidence, they were provoked into a further discussion of the point.

We think that if counsel had confidence in this point they should have discussed it in their brief to the extent of fully apprising this court of its merits. We have, however, read the abstract of the testimony and find no occasion for disturbing the finding of the master and the court that the complainant complied with his contract. The complainant and three of his employees, all shown to be experienced in landscape gardening, gave testimony to the effect that the complainant fully met the requirement of his contract. The principal witnesses of the defendants, with the exception of one, were shown to have had very limited experience in landscape gardening. The master saw and heard the witnesses, and found the facts to be in

accord with the testimony of the complainant's witnesses. The court properly adopted the finding of the master.

The decree of the circuit court of Cook county will be modified by striking therefrom the provision for a money decree against the defendant Dillwyn M. Bell, and as thus modified is affirmed.

*Decree affirmed as modified.*

HOLDOM, P. J., concurs.

MR. JUSTICE RYNER not participating.