(No. 19458.—

THE MATERIAL SERVICE CORPORATION, Plaintiff in Error, *vs.* GEORGE W. FORD *et al.* Defendants in Error.

*Opinion filed October 25, 1930.*

OLIVER C. HEYWOOD, for plaintiff in error.

DANIEL L. MADDEN, and ROY C. MERRICK, for defendants in error.

Mr. COMMISSIONER EDMUNDS reported this opinion:

The Material Service Corporation, plaintiff in error, filed a bill in the superior court of Cook county to enforce, as sub-contractor, a mechanic's lien against certain real estate owned by George W. Ford and Reuben J. Parker, defendants in error. A decree dismissing the bill for want of equity was affirmed by the Appellate Court, and the cause is here on *certiorari*.

The bill was filed on October 21, 1924. It alleged, among other things, that on March 28, 1924, defendants in error were the owners of certain described real estate in Cook county; that on said date Jay C. Blakeslee entered into a contract with defendants in error to furnish all necessary materials and labor and erect certain floors and concrete roadways upon said real estate and defendants in error promised to pay Blakeslee certain sums of money therefor; that on the same date Blakeslee entered into a verbal contract with plaintiff in error whereby it was to furnish Blakeslee certain stone, cement and sand to be used in the construction of the floors and roadways and Blakeslee was to pay to plaintiff in error the reasonable value therefor on or before the tenth day of the month following the respective deliveries of such materials; that plaintiff in error furnished certain materials in quantity and price as shown by an attached exhibit; that Blakeslee constructed the floors and roadways, using said materials; that on August 18, 1924, plaintiff in error served upon defendants in error a sub-contractor's notice of lien, a copy of which was attached as an exhibit, and that defendants in error did not pay the amount due within ten days thereafter or at any other time. The prayer of the bill was that an account be taken, that plaintiff in error be decreed to be entitled to a lien on the premises for the amount found due, that Blakeslee and defendants in error be decreed to pay said amount in the time fixed by the court, and that in default of such payment the

premises be sold to satisfy the amount due, together with interest and costs. The answer filed by defendants in error denied that plaintiff in error furnished the materials set forth in the bill and exhibits, and alleged, among other things, that Blakeslee abandoned the contract before completion, causing defendants in error to suffer loss; that Blakeslee's work was done in an improper and negligent manner, constituting no improvement to the premises, and that it was necessary to employ another contractor to remove it. The cause was referred to a master, who found all the facts as alleged in the bill and that plaintiff in error was entitled to a lien as prayed. One of the exceptions to the master's report was sustained by the chancellor, and the decree dismissing the bill followed.

The first contention made by defendants in error in upholding the chancellor's decree and the judgment of the Appellate Court is, that plaintiff in error did not comply with the provision of the statute which requires a subcontractor to file notice of claim upon the owner of the realty within sixty days after completion of his contract with the contractor. (Cahill's Stat. 1929, chap. 82, par. 24.) In support of this contention they rely (1) upon evidence introduced by them tending to show that no material was delivered by plaintiff in error after June 7, 1924; and (2) upon evidence tending to show that defendants in error were not, in fact, served with notice. Plaintiff in error directs attention to evidence in the record indicating that the last delivery of material made by it was on June 19, 1924, and that defendants in error were, in fact, served with notice. The master found that the last delivery was on June 19, 1924, and that notice was served on each of defendants in error. The chancellor overruled exceptions challenging these findings. We are of the opinion that there is no proper warrant for disturbing the conclusion reached on these issues in the trial court. The statutory requirement in these particulars was met.

The Appellate Court affirmed the decree on the ground that the bill to enforce the lien was not filed within the time limited by section 33 of the Mechanic's Lien act, (Cahill's Stat. 1929, chap. 82, par. 33,) which provides as follows: "Petition shall be filed or suit commenced to enforce the lien created by sections twenty-one (21) and twenty-two (22) of this act within four months after the time that the final payment is due the sub-contractor, laborer or party furnishing material." The argument advanced by defendants in error and adopted by the Appellate Court was, that this section required the bill to be filed within four months from date of final delivery of material by plaintiff in error, regardless of the time that payment became due to plaintiff in error from Blakeslee. Defendants in error have renewed that argument here, making a lengthy historical analysis of the various mechanic's lien statutes enacted in this State, commencing in 1829. Counsel insist that such historical analysis indicates a consistent policy of keeping the rights of sub-contractors within, and less than, the rights of original contractors, and that a proper construction of the present statute calls for the conclusion that section 33 does not refer to the time as of which payment is due from the contractor to the sub-contractor, but to the time as of which payment may, under certain contingencies, become due from the property owner to the sub-contractor, which could be no later than the date the last work was done or the last material delivered. It would not be profitable to set out and discuss counsel's analysis in detail. It has had our careful consideration, and we are convinced that it is without merit in so far as the present point is concerned. In *Beck Coal Co.* v. *Peterson Manf. Co.* 237 Ill. 250, and *Chicago and Riverdale Lumber Co.* v. *Vellenga,* 305 id. 415, bills were filed by sub-contractors more than four months after the last deliveries of materials but within four months after final payments were due the sub-contractors from the con-

tractors. It was held in each case that the bill was duly filed. The words "within four months after the time that the final payment is due the sub-contractor" are not ambiguous or of doubtful meaning, and there is nothing in the way of context, hardship or absurd consequences which requires or permits imputing to the plain language a meaning which it does not express and will not bear. Final payment was not due plaintiff in error from Blakeslee until July 10, 1924, and the bill filed within four months thereafter was in ample time. As to reasons of policy suggested by defendants in error why the period of limitation should begin with the last delivery rather than when the last payment becomes due, it is sufficient to say that such question is for the legislature and the argument should be addressed to it rather than to the court.

Defendants in error argue that unless the property owner be indebted to the contractor there is no fund to which the claims of sub-contractors can attach, and in furtherance of this argument counsel point to the rulings of the master and chancellor, under which defendants in error were not allowed to show that the work done by Blakeslee was worthless and had to be removed. In spite of the fact that no cross-errors were assigned upon these rulings, it is insisted that "the case is to be considered in the same light as if the defendants in error had put in the proof which they offered as to the worthlessness of the work done for them by the contractor." Developing this contention, counsel call attention to the statement in *Pelouze* v. *Slaughter,* 241 Ill. 215, to the effect that upon review the appellees in that case had a right to sustain the decree upon any facts in the record whether the facts were the same as those found by the trial court or not, and might sustain the judgment of the Appellate Court in like manner whether the reasons given in its opinion were good or not. Such statement has no application here, for the reason that the present record contains no facts such as those upon which defendants in er-

ror seek to sustain the decree. On the contrary, the record shows that such facts were definitely excluded. In the absence of assignment of cross-errors we cannot undertake to consider whether such exclusion was right or wrong, and much less can we predicate our decision of this cause in any manner or degree upon something which the record does not contain. There is a clear-cut distinction between considering all the evidence actually in the record to the end that a decree may be supported, and passing upon the correctness of specific rulings which might have let in evidence capable of supporting it had they been otherwise. As pointed out in the *Pelouze case,* if one party appeals the opposite party will be considered as acquiescing in all rulings of the trial court unless his objections thereto are presented in some proper manner. The contention of defendants in error flies directly in the teeth of this sound and well settled rule.

Defendants in error contend in their answer to a petition for rehearing filed by plaintiff in error, that even assuming the impropriety of their position in urging the point without an assignment of cross-error, plaintiff in error has waived their failure to make such an assignment. This contention is based upon the fact that in the reply brief of plaintiff in error it was pointed out that inasmuch as the master excluded the evidence purporting to show that the work was worthless, the argument made by defendants in error in their brief that they did not owe the contractor was without merit. It has been held that an assignment of errors is not a mere form but a matter of substance; that in this court such assignment performs the same office as a declaration in a court of original jurisdiction, and that it would be just as regular and proper for the circuit court to render a judgment in a cause where there is no declaration as for this court to affirm or reverse a judgment where there is no assignment of errors. (*Ditch* v. *Sennott,* 116 Ill. 288.) However, even assuming that failure to assign error or

cross-error may under some circumstances be held to have been waived, there is no warrant for holding that there was any such waiver here.

The judgment of the Appellate Court and the decree of the superior court are reversed and the cause is remanded to the superior court, with directions to enter a decree in accordance with the prayer of the bill.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Edmunds is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.
*Reversed and remanded, with directions.*