Henry Ottersen, Complainant, v. Andrew Zerowski and Frances Zerowski, Appellants. James E. Nielsen and Andreas Nielsen, Trading as The Nielsen Bros. Manufacturing Company, Ltd., Appellees.

Gen. No. 35,588.

Opinion filed June 15, 1932.   Rehearing denied and opinion modified June 29, 1932.

JACOB LEVY, for appellants; JAMES M. GWIN, of counsel.

HENRY T. CHACE, JR., and M. B. WALTZ, for appellees.

MR. JUSTICE WILSON delivered the opinion of the court.

Henry Ottersen filed his bill of complaint against the defendants Andrew Zerowski and Frances Zerowski, his wife, charging that he was entitled to a mechanic's lien growing out of the erection of a flat building on the premises of the defendant and praying for a foreclosure of his lien. The master's report and the decree sustaining the report found adversely to the complainant and in favor of the defendants. This matter is not before this court on the original bill or

answer thereto, but comes up on the appeal of Andrew Zerowski and Frances Zerowski from that part of final decree in favor of the intervening petition of James E. Nielsen and Andreas Nielsen, copartners, doing business as The Nielsen Bros. Mnfg. Co., Ltd., hereinafter referred to as Nielsen Bros.

The intervening petition charges that on March 22, 1928, Nielsen Bros. entered into a written agreement with Henry Ottersen, the general contractor, under which the intervenors, as subcontractors, agreed to furnish certain material to be used in the construction of the building on the premises of the defendants and the price agreed upon was $1,475. A copy of this contract was attached to the intervening petition and made a part thereof and contained among other things the following clause with reference to payments: "2% 10 days after delivery—30 days net. No other discount allowed."

The petition further charges that the intervenors, pursuant to said agreement, completed their work on the 17th day of September, 1928; that by the terms of said contract said sum of $1,475 became due to them on said 17th day of September, 1928, and that the last material was furnished on that date; charges further that certain extras to the amount of $515.90 were furnished at the special instance and request of Ottersen and the defendants. Subsequently this intervening petition was amended so as to show that the intervenors completed their contract on the 17th day of September, 1928, and by the terms of said contract the balance due them, namely, $1,722.90, became due and payable October 17, 1928.

Defendants by their answer claim that the amended intervening petition stated a new cause of action and was not filed within four months after the money became due; that the delivery of certain material on the 17th day of September, 1928, was not sufficient to re-

vive a mechanic's lien for the value of the extra material delivered July 20, 1928; that the intervenors signed a waiver of lien and that the evidence does not show the value of the work done nor the material furnished after the date of said waiver. The master found in favor of the intervenors, Nielsen Bros., and the decree of the chancellor confirmed this finding and ordered the payment of the amount of the lien, together with interest from October 17, 1928, or the property to be sold. It is from this decree that the defendants appeal.

It is stipulated between the parties that the amount due the defendants is the amount claimed, namely, $1,722.90, and that notice was served on each of the defendants on September 28, 1928. It was further stipulated that the original contract between Ottersen and Nielsen Bros. for material amounted to $1,475 and that extra material was furnished in the amount of $515.90, making a total of $1,990.90; that of this amount the intervenors were paid $268 on May 11, 1928. It was also stipulated that the value of the improvements on the vacant lot owned by the defendant was enhanced by reason of the material furnished by the intervenors to the amount of $1,722.90, the balance claimed to be due.

The intervening petition was filed February 1, 1929, which was more than four months after September 17, 1928, at which time, according to the original petition filed herein, payment was due from the defendants to the intervenors. It charged that the payment for the last material furnished became due September 17, 1928, which was the date of the last alleged delivery. The intervening petition as amended charged that the payment for the last material furnished became due October 17, 1928. If this allegation as to payment as set out in the amendment to the intervening petition was correct, then the intervening petition was filed in apt time.

The Supreme Court of this State in the case of *North Side Sash and Door Co. v. Hecht,* 295 Ill. 515, expressly held that from the face of the original bill filed in that case, the last delivery of material was more than four months prior to the date of the filing of the bill; that it was essential to the jurisdiction of the court that the bill show on its face a cause of action; that the time fixed for commencing an action under the Mechanics' Liens Act, Cahill's St. ch. 82, ¶ 7, is a condition of the liability and operates as a limitation of the liability itself and not of the remedy alone; that the original bill showing on its face that it was not filed within the time, it necessarily should be held that the suit was not begun until the amended bill was filed.

From the facts in the case of *North Side Sash and Door Co. v. Hecht, supra,* it does not appear that there was anything contained in the original bill which would warrant an amendment. In the case at bar, however, the original intervening petition by reference contained a copy of the original contract upon which the cause of action was based and from this it appears that payment was due 30 days after delivery. The allegation contained in the original intervening petition, that payment was due September 17, 1928, the date of the last delivery, might have been stricken out as surplusage. The petition would have been sufficient because of the contract being made a part thereof, which showed payment was due 30 days thereafter.

The Supreme Court of this State in the case of *Eisendrath Co. v. Gebhardt,* 222 Ill. 113, in its opinion says:

"It is next argued that if the original bill was filed in time the amended bill set forth a new cause of action on November 10, 1904, and the Statute of Limitations had then run. The cause of action was the same. The property, the building, the work done, the price,

the architect, the parties and the date and amount of the architect's certificate were the same. If relief had been granted under the original bill it would have been a bar to the cause of action for the same work on the same property stated in the amended bill. The amended bill did not state a new cause of action." See also *Smith v. Adcock*, 209 Ill. App. 277; *Beaudry v. Bell*, 250 Ill. App. 468. In the last case cited the court in its opinion said:

"It is next urged that the bill of complaint failed to confer jurisdiction upon the court because it contained no allegation as to the date of the completion of the contract, nor did it allege when the labor under the contract was performed, or to be performed. There was attached to the bill of complaint as Exhibit 'B' a copy of the statement of claim filed by the complainant in the office of the clerk of the circuit court. This exhibit, by appropriate allegation, was incorporated in the bill, and stated when the work and the furnishing of materials were completed. This, it has been held, was sufficient to supply the deficiency in the pleading. *Smith v. Adcock*, 209 Ill. App. 277. In that case the court held that the bill, which omitted several material allegations but incorporated a copy of the statement of claim filed with the clerk of the court which contained the missing allegations, was not obnoxious to a general demurrer."

The statute of amendments in force in this State was intended to provide against the hardship invoked by a strict construction. Amendments to pleadings should be liberally construed where there is sufficient in the original bill or, as in this case, in the intervening petition upon which an amendment could be predicated. The amended intervening petition stated the cause of action in a different form only, and related back to the original petition filed in the cause. *Burgoyne v. Pyle*, 261 Ill. App. 356.

We are of the opinion that the chancellor properly permitted the amendment, and that the intervening petition, as amended, did not state a new cause of action. If payment was due 30 days after delivery, as charged in the intervening petition as amended, the intervening petition was filed in apt time. *Material Service Corp. v. Ford,* 341 Ill. 80.

Objection was made to the admission in evidence of a certain shipping ticket marked exhibit 1-F, on the ground that it showed an alteration on its face and was not admissible until this alteration was satisfactorily explained. We are asked to examine the original exhibit which was ordered certified to this court for the purpose of permitting this court to examine the alleged alteration. The original exhibit was not certified to this court in accordance with Rule 13, but was incorporated in the record. This exhibit was offered in evidence by the intervenors for the purpose of showing delivery of the last material on September 17, 1928. It was a receipt for the material and was signed by one of the defendants, namely, Frances Zerowski. Ottersen, the principal contractor, testified that after the delivery of this material he placed it in the building. The man who made the delivery for Nielsen Bros. testified to the fact of delivery, and that it (Ex. 1-F) was made in the regular course of business. We are not disposed to disturb the ruling of the master or the chancellor. Whether or not this was a bona fide delivery of material which was used in the construction of the building was a question of fact and we are not disposed to disturb the finding of the decree holding that it was a good and valid delivery of material and not a subterfuge to maintain the life of the lien.

Defendants insist that a certain waiver of lien, dated May 11, 1928, was a general waiver and a bar to the petitioner's claim. The case of *H. G. Wolff Co. v. Gwynne,* 246 Ill. App. 86, is cited in support of this

contention. The court held that a similar waiver was a waiver by the subcontractor for material furnished up to the date of the waiver only. In the case at bar, however, it appears that at the time the waiver was signed, a receipt was given for the sum of $236. While this receipt is dated May 9, it is stipulated that the money was paid May 11, the date on which the waiver was signed. The receipt, however, contains the following notation:

"Contract price $1475
Previously paid ——
This payment $236

Balance $1239."

It also appears from the record that a single shipment of material was made March 27, 1928, and that the balance of the material which apparently constituted the bulk of material furnished, together with all the extras, was furnished under deliveries made May 29, 1928, June 1, 1928, July 2, 1928, July 5, 1928, July 20, 1928, and September 17, 1928.

A fair interpretation of the receipt, given at the time of the waiver, would indicate that it waived only so much of the contract price as was paid. The waiver itself expressly states that it is for material furnished only up to the date of the waiver. It would necessarily be assumed from the finding of the chancellor that it was the intention of the parties that the waiver was only to cover the payment made and not the balance of the contract price set out in the receipt. The balance of the contract price set out in the receipt was evidently intended to cover the remainder of the material when and if delivered. There was no dispute between the parties as to the amount due, nor was there any dispute between the parties as to the balance due after the payment of $236. *Appeal of Duncanson v. Chicago Title & Trust Co.*, 188 Ill. App. 551.

We are not disposed to disturb the finding of the chancellor to the effect that the waiver covered only the amount paid on May 11, 1928, namely, $236. We see no reason for disturbing the decree and for the reasons stated in this opinion, the decree of the superior court is affirmed.

*Decree affirmed.*

HEBEL, P. J., and FRIEND, J., concur.